## WORMSER v. CROCE et al.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

WILLS—AFTER-BORN CHILDREN.

  2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 49, provides that if a tes-
tator shall have a child born after the making of a will, and shall die
leaving such child unprovided for and unmentioned in the will, it shall
succeed to a distributive share of the parent's estate, as in case of in-
testacy. Testator executed a will reciting that he was desirous of mak-
ing a just distribution of his property among the members of his family,
and, having full confidence in the discretion of his wife, gave to her all
his property to her and her heirs forever. Held, that such will should
be construed as having in view and mentioning testator's after-born chil-
dren, so that on testator's death such children acquired no interest in
his estate.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1086.]

  Patterson, P. J., dissenting.

Submission of controversy on agreed statement of facts as authoriz-
ed by Code Civ. Proc. §§ 1279, 1281, between Samuel Wormser and
Gaetano Croce and others. Judgment for defendants.

Argued before PATTERSON, P. J., and McLAUGHLIN,
LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Ernest P. Seelman, for plaintiff.
David B. Ogden, for defendants.

SCOTT, J. The plaintiff acquired from defendants, by a full cove-
nant and warranty deed, a plot of land in the city of New York, and
now seeks under the covenant for further assurance either a further
conveyance or a return of a part of the purchase price.

The defendants derived their title through deeds from Charles C.
Nichols, as administrator with the will annexed of Prosper L. Gilbert,
deceased, and from Mary R. Gilbert, the widow and sole devisee of
said Prosper L. Gilbert. The basis of plaintiff's claim is that after
Prosper L. Gilbert had made his will two children were born to him,
and that they were not provided for or in any way mentioned in his
will, and consequently were entitled to succeed to the same portion of
their parent's estate as would have descended or been distributed to
them if he had died intestate. If this claim is sustained, Mary R. Gil-
bert, the widow, to whom all the real estate was devised, took only
one-third of it, and the other two-thirds passed to the after-born chil-
dren, and was not included in the deed from defendants to the plain-
tiff.

Prosper L. Gilbert made his will in 1862, when he had living his
wife, Mary R. Gilbert, and one child, Frederick L. Gilbert. Two other
children were subsequently born; Samuel V. Gilbert in 1864 and Arthur
E. Gilbert in 1868. The significant clauses of the will read as follows:

"Know all men by these presents that I, Prosper L. Gilbert of the city
of Albany mindful of the uncertainty of life and being desirous of making
a just distribution of my property among the members of my family, do
make, ordain and declare my last will and testament as follows:

"First: Having full confidence in the discretion and justice of my beloved
wife Mary, I give, devise and bequeath all my estate real and personal, of

every description whatsoever to my said wife Mary, to have and to hold the same to her and her heirs and assigns forever, subject however to the payment of all my just debts and liabilities."

He appointed his wife executrix, and gave her power to sell, lease or mortgage his real estate. The statute in force at the time this will was made provided as follows:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after born unprovided for by any settlement and neither provided for nor in any way mentioned in said will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will." 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 49.

At common law a revocation was generally effected by subsequent marriage and the birth of issue, but not by the subsequent birth of a child only. Brush v. Wilkens, 4 Johns. Ch. 506; Smith v. Robertson, 24 Hun, 210. The civil law, which was much more disposed to find implied revocation, applied a different rule, which seemingly rested upon the presumed oversight of the parent (Brush v. Wilkens, supra), for it also obtained when living children were left unprovided for, although any provision, however slight, was deemed to rebut the presumption of inadvertent omission. It was, as we consider, the principle of the civil law that was intended to be ingrafted upon our law by the statute above quoted; the object being not to secure equality of distribution, but to guard against inadvertent or unintentional disinheritance, or, as the revisors expressed it in their notes, a "probable oversight." Therefore it was provided in order to sustain a will against the claims of after-born children that provision must have been made for them, or that they must have been in some way mentioned in the will, either provision or mention being sufficient. If, therefore, it can be seen or reasonably presumed from the terms of the will itself that the testator had in mind the probability that children might be born after the will was made, and provided with that contingency in mind, the statute will be satisfied and the will sustained. We think it apparent that Prosper L. Gilbert made his will with a view to the possibility that there might be after-born children, and that in a legal sense he must be considered as having mentioned them in his will. It is as if he had said: "Because I have full confidence in the discretion and justice of my wife, I leave all my estate to her to the end that there may be secured a just distribution of my property among the members of my family." He knew, of course, that his will would become effective only upon his death, and it was a just distribution at that time which he wished to ensure. The word "family," which the testator uses to designate those to whom distribution is to be made, includes, by every definition, children. Hence the meaning and effect of his will was to give the property to his wife to ensure its just distribution at his death among those who should then constitute his family; that is, the children then surviving, whether born before or after the execu-

tion of the will. Indeed, the very method adopted by the testator to ensure a just distribution after his death implies an expectation on his part that his "family" might then be differently constituted, from the manner in which it was constituted when the will was made; for, if he had had in mind no probability or possibility of after-born children, he could himself have made a "just distribution," and not have left it to his wife to make. Our conclusion is that the after-born children were "mentioned" by the testator in his will, and consequently that the wife took the whole estate under the devise to her.

It follows that there must be judgment for the defendants, with costs. All concur, except PATTERSON, P. J., who dissents.