TAVSHANJIAN et al. v. ABBOTT et al.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

1. DESCENT AND DISTRIBUTION (§ 47*)—OPERATION AND EFFECT OF WILL—PRE-TERMITTED CHILDREN—"MENTION."

A testator, when without children, executed a will, which, after making certain specific legacies, left the residue of his estate to his wife, and after the birth of a son, but before the birth of two daughters, he added·a codicil directing what disposition should be made of his property "in the event of the death of myself, wife, and child or children at one and the same time." *Held*, that there was no such "mention" of an after-born child as was contemplated by Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 49, as amended by Laws 1869, p. 40, c. 22, providing that whenever a testator shall have a child born after the making of his last will, and shall die leaving it unprovided for, such child shall succeed to the same portion that he would be entitled to if his parent had died intestate, and hence the surviving daughters were entitled to share in his estate as the statute provides.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 127, 128; Dec. Dig. § 47.*

For other definitions, see Words and Phrases, vol. 5, p. 4476.]

---

*For other cases see same topic·& § NUMBER in Dec. & Am. Digs. 1907 to ,date, & Rep'r Indexes

2. WILLS (§ 707*)—ACTION FOR CONSTRUCTION—COSTS—EXTRA ALLOWANCE.

    Parties to an action to construe a will, whose claim to the entire legacies left by the will was not sustained, which claim was the principal question presented on the trial, and the only one in which they were interested, are not entitled to an extra allowance of costs.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1684–1686; Dec. Dig. § 707.*]

    Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Arax H. Tavshanjian and others, individually and as executors of Hovhannes S. Tavshanjian, deceased, against Harrison B. Abbott and others, for the construction of decedent's will. From a decree of the Special Term (59 Misc. Rep. 642, 112 N. Y. Supp. 583), defendants Nemzour Alyanakian and others appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

Charles W. Sinnott, for appellants.
George S. Kebabian, for respondent executors.
Edwin C. Dusenbury, guardian ad litem, for infant respondents.

INGRAHAM, J. The plaintiffs' testator died on July 22, 1907, leaving a last will and testament, executed the 6th day of April, 1895, and a codicil thereto, executed May 15, 1899. At the time of the execution of the will the testator was married, but had no children, and after making certain specific legacies he left all the rest, residue, and remainder of his property to his wife absolutely. There was no mention made of any expected child or children in this will. After the execution of the will a son was born, and by a codicil dated May 15, 1899, the testator made provision for this son by directing his executors to invest the sum of $50,000, and hold the same until his son arrived at the age of 21. This codicil also contained the following clause:

    "In the event of the death of myself, wife, and child or children at one and the same time, through some accident or otherwise, I direct my executors to give to each and every one of my legatees double the amount each one would have received under natural circumstances, and in that event I give, devise, and bequeath all the rest, residue, and remainder to the Armenia Hospital of the St. Saviour, in Constantinople, Turkey, absolutely."

Subsequent to the making of this codicil the testator had two daughters—one born August 20, 1902, and one June 18, 1904. The son, who was provided for in the codicil, died prior to the testator. The testator thereafter died, leaving his widow and two daughters as his heirs at law and next of kin, and the question presented is whether the daughters born subsequently to the execution of the codicil are entitled as next of kin of the testator to the interest in his estate which they would have taken if he had died intestate, or whether all the property goes under the residuary clause in the will to the testator's widow.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By section 49, art. 3, tit. 1, c. 6, pt. 2 (1st Ed.) Rev. St., as amended by chapter 22, p. 40, of the Laws of 1869, it is provided:

"Whenever a testator shall have a child born after the making of a last will either in the lifetime, or after the death of such testator, and shall die leaving such child so after-born unprovided for by any settlement and neither provided for nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child if such parent had died intestate and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed them by such will."

In the revisers' note in relation to this section it is said:

"Whether the birth of a child after marriage is a revocation seems yet a matter of doubt. Brush v. Wilkins, 4 Johns. Ch. 516. Some legislative declaration seems expedient, and, while the consequences of an entire revocation are avoided by the above section, a just provision seems to be made for a probable oversight as the basis on the condition that the child is not mentioned or referred to in the will."

There is certainly no provision made for the daughters born after making this codicil. After the birth of his son the testator made the codicil to the will, in which the son was provided for; but there is no provision in the will or codicil which indicated that the testator intended that no provision should be made for children subsequently born. There is no mention in the portions of the will that make provision for his wife and child as to any child or children that should subsequently be born. After making provision for his child, and giving the remainder of his estate to his wife, there was presented the question as to what would become of his estate in case he and his wife should die together leaving no descendants, and by the ninth clause of the codicil he provides for that contingency. While the will itself was drawn by a lawyer, it is quite evident that the codicil was written by the testator, without legal assistance. He had provided for his wife and child, and was desirous of disposing of his estate in case his wife was dead and he had no living issue at the time of his death. It is evident that the ninth clause of the codicil was inserted for that purpose. He there says:

"In the event of the death of myself, wife, and child or children at one and the same time, through some accident or otherwise, I direct," etc.

He provides for a contingency that might happen; but it seems to me that these two children subsequently born could not be said to be mentioned in the codicil, because he provided that, if he himself and his wife and child or children should die at the same time, there should be substituted for his wife and children other beneficiaries. As stated by the revisers' notes, the object is to prevent a child being disinherited by reason of a "probable oversight." Of course, if the will makes provision for an unborn child, or indicates that the testator did not intend to make provision for such unborn child, or had in his mind the possibility of having unborn children, and then made no provision for them, his intentions would be carried into effect and an unborn child disinherited. But until such mention is made of an unborn child in the will as indicated that the testator had in mind the possibility

of having other children, and that notwithstanding that possibility he still wished the will to be carried out as expressed, then it seems to me the section should apply, and a child subsequently given its distributive share of the estate.

I have been unable to obtain much light upon the construction that should be given to this clause of the statute from the reported cases. In Wormser v. Croce, 120 App. Div. 287, 104 N. Y. Supp. 1090, this court said:

"If, therefore, it can be seen, or reasonably presumed, from the terms of the will itself, that the testator had in mind the probability that children might be born after the will was made, and provided with that contingency in mind, the statute will be satisfied and the will sustained."

In this case it seems to me that the testator, in making the provision disposing of the estate to his wife and child, did not have this contingency in mind. There is certainly no indication that the testator had that contingency in mind when he made the original will. He then had no children, and gave all his residuary estate to his wife. It was an absolute bequest, without condition, and referring to the existing conditions. Upon the birth of his son it is evident that this provision was not satisfactory. He then made provision for his child by the codicil. He did not interfere with the bequest of the residue of his estate to his wife, but carved out of it provision for his then only child. Thus the disposing part of the will and codicil, which, if conditions had remained as they were, would have disposed of all of his estate, was without mention of children that should be subsequently born, and without indication that the testator had in mind the possibility of the birth of other children and disposed of his property considering that contingency. It cannot be presumed that the testator would have made a codicil to provide for the son after his birth, and intended to make no provision for other children thereafter born, and there is nothing in the will to indicate such an intention.

The statute provides that whenever a testator shall have a child born after the making of the last will, and shall die leaving such child so after-born neither provided for nor in any way mentioned in said will, it is the particular child born after the making of the will who is entitled to share in the estate. The statute does not provide that mentioning the possibility of after-born children should prevent the application of its provisions, but the after-born child itself must be mentioned or provided for. In Wormser v. Croce, supra, the testator clearly expressed his intention that provision for his children should be made by his widow in case she survived him, and that intention applied both to children born before the making of the will and after; but we have nothing to show in this case that such was the intention of the testator. On the contrary, the fact that he made a codicil to make provision for a son born after the making of the original will would negative such an intention. Therefore I think neither of these children born after the making of the codicil was mentioned in the will or codicil, and that they were entitled to the share of the testator's estate that they would have been entitled to had he died intestate.

The judgment excludes from the effect of this statutory provision the legacy of $50,000 to the testator's wife given in lieu of dower, and also provides that the bequest contained in the sixteenth paragraph of the will is invalid and void. Neither the plaintiff nor any of the parties to the action appealed from this provision of the judgment, and they are not, therefore, considered.

The court below granted an extra allowance of $1,000 to the appellants, who are legatees, whose legacies will be cut down if this statute applies. The principal question presented upon the trial was in relation to their right to the entire legacies, which claim has not been sustained, and this question was the only one presented to the court in which they were at all interested. The court granted to such appellants the costs of the action, and also an allowance of $1,000. This seems to me to have been unauthorized, compelling the estate to pay the expenses of prosecuting an unfounded claim against it. The infant defendants appealed from each and every part of that judgment, and will have to pay two-thirds of the amount of the allowance. The allowance to the plaintiffs and the guardian ad litem was proper; but I do not think that the allowance to these defeated claimants was justified.

The decree is therefore modified, by striking out the allowance of $1,000 granted to the defendants Nemzour Alyanakian and Krikor M. Alyanakian, and, as thus modified, the judgment is affirmed, with costs to the guardian ad litem, to be paid out of the estate.

PATTERSON, P. J., and McLAUGHLIN, and LAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). I find myself unable to concur in the prevailing opinion, although I freely concede that the point upon which I differ from it is exceedingly close. I therefore express my dissent with diffidence. There are few decisions to guide us in determining what constitutes such a "mention" of an after-born child in a will as was contemplated by the section of the Revised Statutes quoted by Mr. Justice INGRAHAM. We had occasion to consider the question in Wormser v. Croce, 120 App. Div. 287, 104 N. Y. Supp. 1090, and there concluded that the object of the statute was not to secure equality of distribution, but to guard against inadvertent or unintentional disinheritance, or what the revisors termed "probable oversight." This view is adopted by the prevailing opinion in the present case, wherein it is said that, if it appears from the will that the testator had in mind the possibility of having unborn children and then made no provision for them, his intention would be carried into effect and an unborn child disinherited. It seems to me that this is precisely what the codicil does indicate. When the will was made the testator had no child. When the codicil was made a child had been born to him, and the use of the word "children" seems to me to clearly indicate that when he prepared the codicil he contemplated the probability, or at least the possibility, that he might have other children. One of the purposes of the codicil was to provide for the disposition of his property in case

his whole family should die at one and the same time, and the form of words used to express this idea was:

"In the event of the death of myself, wife and child or children at one and the same time."

The use of these words seems to me to clearly indicate that the testator contemplated that, if the specified event ever happened, his family might comprise, not only the child then born, but also other child or children not born when the codicil was made. Otherwise there would be no significance in the use of the word "children." I think, therefore, that it must be said that the testator, when he executed the codicil, contemplated the possibility that children might be subsequently born to him, and distinctly "mentioned" them.