ARAX H. TAVSHANJIAN et al., Individually and as Executors of HOVHANNES S. TAVSHANJIAN, Deceased, Respondents, *v.* HARRISON B. ABBOTT et al., Defendants, and NERUZOUR ALYANAKIAN et al., Appellants.

**Will — posthumous children of testator — when such children take the same portion of their father's estate as they would have done if he had died intestate.**

A testator by a codicil to his will made a bequest to a son, born after making his will, and "in the event of the death of myself, wife and child or children at one and the same time," etc., changed certain bequests in his will. This was the only mention by the testator in his will or codicil of the words "child" or "children." Subsequently two daughters were born, who survived the testator. *Held,* that they succeed, under the statute, to the same portion of the father's estate as would have descended or been distributed to them if the father had died intestate. (*Stachelberg* v. *Stachelberg,* 124 App. Div. 232, 234; affd., on the opinion below, 192 N. Y. 576, followed.)

*Tavshanjian* v. *Abbott,* 130 App. Div. 863, affirmed.

(Argued December 13, 1910; decided January 10, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1909, modifying and affirming as modified a judgment of Special Term in an action to construe the will of Hovhannes S. Tavshanjian, deceased.

The facts, so far as material, are stated in the opinion.

*Charles W. Sinnott* for appellants. The language of the will quoted, taken together with the undisputed facts, is a sufficient mention of the after-born children, Arpinee and Ardemis, to prevent the recovery by them under the provision of the

Revised Statutes above quoted. (*Matter of Morgenstein*, 9 Misc. Rep. 199; *Wormser* v. *Croce*, 120 App. Div. 287; *Minot* v. *Minot*, 17 App. Div. 521.) The words of the statute, "any way mentioned," should be construed to cover any form of reference that showed the testator in making his codicil had in mind the possibility of after-born children. (*Toerge* v. *Toerge*, 9 App. Div. 194; *Stachelberg* v. *Stachelberg*, 124 App. Div. 232; 192 N. Y. 576.)

*George S. Kebabian* for plaintiffs, respondents. The statutes relating to cases of implied revocation of a will are declaratory of the rule of presumptive law with reference to the intent of the testator, and are not derogatory of the rule that the intent of the testator shall prevail. (*Brush* v. *Wilkins*, 4 Johns. Ch. 506; *Sutton* v. *Hancock*, 115 Ga. 857; *Swan* v. *Hammond*, 138 Mass. 45; *Matter of Guraud*, 35 Cal. 336; *Matter of Stevens*, 83 Cal. 322; *Bradley* v. *Bradley*, 24 Mo. 311; *Pounds* v. *Dale*, 48 Mo. 270.) The expression "in any way mentioned in such will" should be construed to mean "in such way mentioned therein as to show an intention not to make such provision." (*Stachelberg* v. *Stachelberg*, 124 App. Div. 232; 192 N. Y. 576; *Minot* v. *Minot*, 17 App. Div. 521; *Wormser* v. *Croce*, 120 App. Div. 287; *Boman* v. *Boman*, 47 Fed. Rep. 849; *Matter of Newlin*, 58 Atl. Rep. 846; *Gage* v. *Gage*, 29 N. H. 533; *Thomason* v. *Julien*, 133 N. C. 309; *Porter* v. *Porter*, 120 Ky. 302; Schouler on Wills [2d ed.], § 479.)

*Edwin C. Dusenbury* for Arpinee Tavshanjian et al., defendants, respondents. The infant children of testator are not "mentioned" in the will within the meaning of the statute. (*Stachelberg* v. *Stachelberg*, 192 N. Y. 576; *Wormser* v. *Croce*, 120 App. Div. 287; *Minot* v. *Minot*, 17 App. Div. 521.) The infant defendants, Arpinee and Ardemis Tavshanjian, are entitled to two-thirds of testator's personal estate and to the whole of his real estate, subject to the dower rights of the widow, if any. (*Mitchell* v. *Blain*, 5 Paige, 588; *Sanford*

v. *Sanford,* 5 Lans. 486 ; 61 Barb. 293 ; *Bunce* v. *Bunce,* 27 Abb. [N. C.] 61.)

Gray, J.　This appeal presents the question whether children, born after the making by their father of a will, which gave all of his estate to certain other designated persons, shall, upon his death, nevertheless, be entitled to such shares therein as would have been theirs had he died intestate. The testator, whose will has been judicially construed, died in 1907.　In 1895, he had made a will, which, after making numerous bequests to relatives and for charitable purposes, and, among them, one to his wife of $50,000, in lieu of dower, gave to her the residue of his real and personal estate. At the time of the execution of the will, he was married and had no child.　Subsequently, a son was born and, thereafter, he executed a codicil, which, after revoking certain legacies in the will and making some changes, immaterial here, gave to the son a legacy of $50,000 and provided as follows : " *Ninth.* In the event of the death of myself, wife and child or children at one and the same time, through some accident or otherwise, I direct my executors to give to each and every one of my legatees double the amounts each and every one of my legatees would have received under natural circumstances, and in that event I give, devise and bequeath all the rest, residue and remainder to the Armenian Hospital of the St. Saviour, in Constantinople, Turkey, absolutely."

In this clause occurs the only mention by the testator in will, or codicil, of the words " child," or " children."　After the execution of the codicil, this son died and two daughters were born, who survived the testator.　The testator, then, died and the courts below have held that the daughters were entitled to receive from the legatees, proportionately, so much of the legacies as would give them two-thirds of the personal estate of the father and, if the widow accepts the bequest of $50,000 in lieu of dower, to take all of the real estate, but, otherwise, subject to her dower right.

The statute, whose provisions have been held to cover the

case of the children born after the making of the will, reads :
" Whenever a testator shall have a child born after the mak-
ing of a last will, either in the lifetime or after the death of
such testator, and shall die leaving such child, so after-born,
unprovided for by any settlement, and neither provided for,
nor in any way mentioned in such will, every such child shall
succeed to the same portion of such parent's real and personal
estate, as would have descended or been distributed to such
child, if such parent had died intestate, and shall be entitled to
recover the same portion from the devisees and legatees, in
proportion to and out of the parts devised and bequeathed
to them by such will." (R. S., part 2, ch. 6, title 1, art. 3,
sec. 49, as amended by Laws of 1869, ch. 22, sec. 1.)

What difficulty may arise in the application of the statute
is in the meaning to be given to the language " neither pro-
vided for, nor in any way mentioned in such will." These
afterborn children are not provided for and if they are not
mentioned, in the sense that their birth is referred to by the
testator as an event comprehended within his testamentary
provisions, then they will take their proportionate share of
his estate. They would take under the provisions of the stat-
ute and not subject to any of the provisions of the will.
(*Smith* v. *Robertson*, 89 N. Y. 555.) Is it possible to read,
in a provision of the will, which " in the event of the death
of myself, (the testator), wife and children at one and the
same time, through some accident, or otherwise," doubles the
bequests and gives the residue to a hospital, an intent not to
provide for afterborn children ? I think not. The mention
of children is not such as to convey any idea of a purpose not
to provide for those who might be born thereafter. We have
approved of a construction of the statute, that " it is not suffi-
cient that the will should show that the testator had in mind
the possibility of children born after the making of the will.
The child will take, unless it is mentioned in some way, or
included in some class that is mentioned." (*Stachelberg* v.
*Stachelberg*, 124 App. Div. 232, 234; affd. on the opinion
below, 192 N. Y. 576.) This testator was contemplating the

possibility of some disaster terminating the lives of his family simultaneously and it is quite plain that it was not the birth thereafter of children, which was in his mind, nor a provision, which was to exclude them from any share of his estate. The statutory provision was derived from a rule of the civil law, which, upon the subsequent birth of a child, unnoticed in the will, annulled the will. It is based upon the strong presumption of an oversight, or an unintentional neglect of the testator to provide for those who have a natural and moral claim to a provision for their support out of their father's property. It was not intended to contravene the policy of our law to give to every one, competent to make a will, the right absolutely to control the disposition of his estate; it was intended to provide a rule, by which an intent to disinherit must appear from the will itself. (*Brush* v. *Wilkins*, 4 Johns. Ch. 506.) As it was said by the chancellor in *Brush* v. *Wilkins*, so it may be said here, that, if this will was to prevail, it would be the case of the testator's only children left destitute and without any provision, under a will of a man of large fortune disposing of his whole estate.

If there were any doubt as to the construction to be given to this will it should be resolved in favor of the testator's children, upon the soundest principles of justice. I think that no doubt does arise, upon a fair consideration of the will, and that there is nothing to suggest an intention not to make provision for unborn children.

The judgment below was right and it should be affirmed, with costs to all parties appearing by counsel, to be paid out of the estate.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment affirmed.