(152 App. Div. 479.)

### McLEAN et al. v. McLEAN et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

1. WILLS (§ 634*)—CONSTRUCTION—ESTATES DEVISED.

Where testator devised real estate to his wife during widowhood, and provided that, if she should die during the lifetime of his children, J. and K., the property should be divided between them, and, should either of the children die, the portion belonging to the deceased child should revert to the next of kin, and the children predeceased the wife, J., dying before K., K. took the property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. WILLS (§ 547*)—CONSTRUCTION—ESTATES DEVISED.

A woman devised real estate coming from her ancestor by giving the remainder to her children surviving her husband, made a life tenant. She had two children, M. and H. The former survived the life tenant. Held, that M. took the remainder, and one who was her half-brother inherited nothing from her.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1179–1181, 1185; Dec. Dig. § 547.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. WILLS (§ 498\*)—PROVISION FOR AFTER-BORN CHILDREN.**

A devise to testatrix's issue makes provision for an after-born child, who becomes vested with his share of the estate, subject to be divested on the happening of the conditions specified.

[Ed. Note.—For other. cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. § 498.\*]

Appeal from Special Term, Kings County.

Action by Henry G. McLean, an infant, and another, as administratrix, against Mary McLean and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

M. F. McGoldrick, of Brooklyn, for appellants.
William H. Good, of Brooklyn, for respondents.

THOMAS, J. The action involves the title of two parcels of land in Brooklyn, the first on Sixth avenue, the second on Pacific street. I will first consider the second parcel.

[1] Maher devised it to his wife during her widowhood, and added:

"But if my said wife should die during the lifetime of my child or children, the said property hereby left to her shall revert and be divided between my two children, John and Katie Maher, and should any or either of these children die, the portion belonging to such deceased child shall revert to the next of kin."

The wife died in 1899, and both children before her. Hence nothing came to either child by the happening of the first condition named, viz., death of the wife before him or her. The second condition happened; that is, both children, first John, then Katie, died, and that, too, before the wife. Where did the property go? Did it go to John and Katie by implication, by descent, or to the "next of kin" of the child dying? I think the general rule, "dying before the testator," should apply. Whatever alternative prevails, Katie took the property. The court has found that Katie and John took under the will, and the former inherited John's one-half. Let it be so.

[2] Katie made a will whereby she gave the remainder to her children surviving her husband, life tenant. She had two children, Marie and Henry Second. The former one survived the life tenant and took the remainder, and the plaintiff, who was her half-brother, inherited nothing from her, as the land came from her ancestor. Justice Clark proceeds on the theory that, Henry Second not surviving the life tenant, Dr. McLean took one-half and that Marie inherited this from him, and that plaintiff could take it. I think that this is in clear violation of the very words of the will. The first parcel belonged to Katie and went under her will to Marie, to the exclusion of Henry Second. Hence, plaintiff is excluded from that.

[3] But it is urged that Henry Second was born after Katie's will was made, and the question is whether provision was made for him. If not, he took one-half of the land under the statute (Decedent Estate

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Law [Consol. Laws 1909, c. 13] § 26) and died; Marie inherited from him, and plaintiff inherits that one-half from Marie. Was Henry Second "provided for" or "in any way mentioned" in Katie's will? He was not individualized, and, if that be necessary, he was neither mentioned nor provided for. But upon his birth he came under the word "issue," and was vested with an undivided half of his mother's estate, subject to being divested thereof by his death before his father, so that provision was made for him in the class that would take it. Hence, the case is similar to that of Minot v. Minot, 17 App. Div. 521, 45 N. Y. Supp. 554. See, also, Wormser v. Croce, 120 App. Div. 287–290, 104 N. Y. Supp. 1090; Stachelberg v. Stachelberg, 124 App. Div. 232, 108 N. Y. Supp. 645, affirmed 192 N. Y. 576, 85 N. E. 1116; Tavshanjian v. Abbott, 200 N. Y. 374, 93 N. E. 978. Therefore, as he was mentioned and provided for in his mother's will, and took a vested estate, which he lost by not surviving her, his sister Marie inherited nothing from him; hence the plaintiff can inherit nothing from her.

As to parcel No. 1, the result is the same, for that land belonged to Mrs. McLean, and passed under her. will to her husband for life, with remainder to Marie and Henry Second, and, Henry Second dying, Marie took the whole under the will, and, as the plaintiff is not of the blood, he takes nothing.

The judgment should be reversed, and the defendants have judgment on the demurrer, with costs. All concur.