MATTER OF MULQUEEN. **705**

Misc. 705]     Surrogate's Court, New York County, February, 1925.

In the Matter of the Estate of MICHAEL J. MULQUEEN, Deceased.

Surrogate's Court, New York County, February 25, 1925.

**Wills — construction — will, after bequeathing real and personal property to wife with contingent remainders over to children, provided that gift over in case of death of any child, without issue, should be paid to children surviving — child born subsequent to execution of will included in gift to " children " and deemed to have been mentioned and provided for in will, within meaning of Decedent Estate Law, § 26 — said after-born child not entitled to intestate's share.**

A child born subsequent to the execution of decedent's will will be deemed to have been mentioned and provided for in said will, within the meaning of section 26 of the Decedent Estate Law and is not, therefore, entitled to his intestate share in the estate, where it appears that the will, after bequeathing the real and personal property to decedent's wife with contingent remainders over to his children, provided that in case of the death of any child, without issue, his or her share of the gift over should be paid " to my children equally, share and share alike," since, from an examination of the entire will, the testator will be deemed to have used the word " children " in its general sense as including the children existing at the execution of the will and any child born thereafter to him.

Moreover, by the use of the words " him " and " his " decedent anticipated the birth of further children and clearly comprehended a possible gift over to a male child and made provision for him.

PROCEEDING for construction of will.

*Cadwalader, Wickersham & Taft*, for the executors.

*Joseph W. Keller*, special guardian.

FOLEY, S.:

This proceeding is brought for a construction of the will. The questions directly involved are: (1) Was Carr Mulqueen, the testator's infant son, who was born after the execution of the will, provided for, or in any way mentioned in the will, as required by the provisions of section 26 of the Decedent Estate Law, so as to preclude him from taking his intestate share? (2) On the other hand, is he entitled to his intestate interest in the property of the decedent under the language of that section?

Section 26 of the Decedent Estate Law reads as follows: ·

" Child born after making of will. Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real

45

and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

The will of the testator was executed on July 18, 1905. The infant respondent in this proceeding was born June 27, 1906. In addition to the infant, the testator was survived by his widow and two daughters. Under the provisions of the will all the real and personal property was bequeathed to the widow, and she was appointed sole executrix. There was an alternative disposition, which provided that " in the event of the death of my said wife before me," the entire estate was given to a trust company in trust, to divide the same into three equal parts. The life tenants were his three children living at the date of the execution of the will.

Selecting the trust for the benefit of the son Gilroy as typical of the others, the will provided that in case of his death leaving issue, the remainder vested in his issue. In the event of his death without issue, the testator provided: " * * * then I direct that the income, rents and profits of his said one-third share in my estate shall be accumulated until my youngest child living at the death of said Gilroy Mulqueen reaches the age of twenty-one years, when said accumulations of income, rents and profits shall be paid *to my children* equally, share and share alike, or to the survivor of them. However, should there be only *one child* living at the time of the death of my said son, Gilroy, then the income, rents and profits of his said one-third share shall be accumulated during the minority of said surviving child, and *upon his or her* arriving at the age of twenty-one years, then the whole of the accumulations of said income, rents and profits shall be paid *to him or her*. That thereafter the total net annual income, rents and profits of the said one-third share of said Gilroy Mulqueen shall be paid annually, in quarterly instalments, to my children equally, share and share alike, or to the survivor of them, until the youngest child reaches the age of twenty-five years, when one-third of the principal of said one-third share of Gilroy Mulqueen is to be paid to my children equally, share and share alike, or to the survivor of them. And the total net annual income, rents and profits of the remaining two-thirds of said one-third share of said Gilroy Mulqueen shall be paid annually, in quarterly instalments to my children equally, share and share alike, or to the survivor of them, until the youngest child reaches the age of thirty years, when another one-third of the principal of said one-third share of said Gilroy Mulqueen shall be paid *to my children* equally, share

MATTER OF MULQUEEN. **707**

Misc. 705]    Surrogate's Court, New York County, February, 1925.

and share alike, or to the survivor of them. And the total net annual income, rents and profits of the remaining one-third of said Gilroy Mulqueen shall be paid annually, in quarterly instalments *to my children* equally, share and share alike, or to the survivor of them, until the youngest *child* reaches the age of thirty-five years, when the whole of the principal of the remaining one-third share of the said Gilroy Mulqueen shall be paid *to my children* equally, share and share alike, *or to the survivor of them.*" (Italics mine.)

The two remaining residuary trusts, in exactly similar language, were created for the benefit of his daughters, Estelle and Mary, respectively.

Under the language of the will and the provisions of section 26 of the Decedent Estate Law, I hold that Carr Mulqueen, the son of the testator who was born subsequent to the date of its execution, is provided for and mentioned in the will. As an after-born child he was clearly included in the gift to the "*children*" of the testator mentioned in the clause recited above, and, therefore, both statutory alternatives of mention or provision were complied with. The fundamental object of this section, as declared by Judge HISCOCK in *McLean* v. *McLean* (207 N. Y. 365, 371), " is to guard and provide against such testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children and taking such possibility into account in framing a scheme for the testamentary disposition of his property." Again in *Tavshanjian* v. *Abbott* (200 N. Y. 374) Judge GRAY stated: " It was intended to provide a rule by which an intent to disinherit must appear from the will itself." An instruction of caution is also imposed in *Tavshanjian* v. *Abbott* (*supra*) that if there is any " doubt as to the construction to be given to this will it should be resolved in favor of the testator's children, upon the soundest principles of justice." The remoteness and uncertainty of the vesting of the gifts for the after-born child are not relevant. So long as the latter is mentioned or provided for in any way, the requirements of the statute are satisfied.

In construing a will somewhat similar to that here, the courts, in *Holbrook* v. *Holbrook* (193 App. Div. 286; affd., 230 N. Y. 600), ruled that the after-born child had no intestate interest in the estate. In that case the gift, as here, was of the entire estate to the widow, if she survived. If she predeceased the testator the will directed that all the property be given to his issue. The Appellate Division, Second Department, held that the testator, under this language, must have had in mind the case of children born after the making of the will, for the after-born child was

Surrogate's Court, New York County, February, 1925. [Vol. 124

included within the class of issue. The Court of Appeals affirmed that decision without opinion. Again in *McLean* v. *McLean* (*supra*) the gift was to the testatrix's husband in trust, and upon his death to " my issue him surviving." The court held that the requirements of the statute for mention of an after-born child were satisfied by a provision for them as a class.

*Wormser* v. *Croce* (120 App. Div. 287) is another example of a gift to a class where the subsequent-born child was held to be included within it. In the will there the entire estate was given to the wife, the preamble of the will reading that the testator was " desirous of making a just distribution of my property among the members of my family." It was held that the word " family " included children and mention was, therefore, made of an after-born child.

In the pending proceeding the special guardian of the after-born infant contends the entire will exhibits an intention that the word " children " must be limited to Gilroy, Mary and Estelle, the three children living at the time of the execution of the will, and he maintains that the after-born son was thereby excluded from recital or beneficial provision. Some support for that contention is to be found in paragraph 6 of the will, where the testator appointed a testamentary guardian for the three specifically named living children, instead of referring to the children as a class. In my opinion, from an examination of the entire will, the testator used the word " children " in its general sense which comprehended both his then existing children and any child thereafter born to him. If he desired to limit the contingent remainders to his then living children, the phrase " said children " or some similar term of reference would have been employed by him in the trust provisions. Moreover, it will be noted that in the language used in the trust for the benefit of Gilroy Mulqueen (the only son living at the date of the will) the gift over, in case of the death of Gilroy without issue, was to the children surviving Gilroy, to be paid *upon his or her* arriving at the age of twenty-one years, when the accumulated income is to be paid to *him or her*. If the word " children " had been intended to be limited to the then living children, the remainders over, after the death of Gilroy, could only have vested in the two daughters, whereas the will, by the use of the words " him " and " his," clearly comprehends a possible gift over to a male child. A testamentary disposition to a class includes every person answering the description at the testator's death. Here, therefore, any child living at that time would be included in the class of children who were made contingent remaindermen. (*McLean* v. *McLean, supra.*) The provisions of

the will, therefore, anticipated the birth of further children and provided for them.

Nor am I able to find any support of the special guardian's contention in the authorities cited by him. In each of these cases the will did not contemplate, mention or provide for the subsequent child. Thus in *Crocker* v. *Mulligan* (154 App. Div. 711) the testator stated, after bequeathing his entire estate to his wife, that he had " not mentioned any of our children or given to them any portion of my estate," and further declared that he had confidence in his wife that she would provide for *our said children.* This language was held to refer to the children living at the execution of the will. In *Tavshanjian* v. *Abbott (supra)* the only reference to a child was a condition fixed by the testator that in the event of death of his wife and children in a common accident, the estate should go to a charitable corporation. The language, under the decision of the Court of Appeals, was construed to mean the children living at the time of the making of the will. In *Stachelberg* v. *Stachelberg* (124 App. Div. 232; affd., on opinion below, 192 N. Y. 576) no provision was made for any child born after the death of the testator. The unforeseen contingency happened. Necessarily the posthumous child took by intestacy under the terms of the statute.

I, therefore, hold that the infant, Carr Mulqueen, was mentioned and provided for in this will, within the terms of section 26 of the Decedent Estate Law, and that he is not entitled to his intestate share in the estate.

Submit decree accordingly.