defiance of the express provisions of section 1 of article 14 of the Constitution of the State of New York, prescribing the mode and manner to be followed in amending the Constitution.

*George Kammerer*, appellant in person.

*Joab H. Banton, District Attorney (Michael J. Driscoll* of counsel), for respondent.

Order affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Application of MARY G. MULQUEEN for Construction of the Will of MICHAEL J. MULQUEEN, Deceased.

MARY G. MULQUEEN, as Executrix, Appellant; CARR MULQUEEN, by JOSEPH W. KELLER, His Special Guardian, Respondent.

*Will — decedent's estate — when child born subsequent to making of will entitled to share in estate as though testator died intestate — construction of will.*

*Matter of Mulqueen*, 213 App. Div. 637, affirmed.

(Argued November 23, 1925; decided December 8, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1925, which reversed a decree of the New York County Surrogate's Court construing the will of Michael J. Mulqueen, deceased. The question was whether a child born subsequent to the making of the will was entitled to share in the estate of the decedent as though he had died intestate. The surrogate held that directions in the will for payment, under certain contingencies, of certain funds " to my children equally " and the use of the words " him or her," in referring to a surviving child in the event of the death of his only son living at the time of making the will evidenced that he had the possibility of additional children being born in mind. The Appellate Division held that the words " my children " are limited

to the three named children and that the words " him or her " was a set or stereotyped expression used by the testator as such.

*Henry W. Taft* and *Thomas B. Gilchrist* for appellant. *Joseph W. Keller* for respondent.

Order affirmed, with costs, payable out of estate, on opinion of FINCH, J., below.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

TOWN OF NICHOLS, Respondent, *v.* SUMNER PARK et al., Appellants, Impleaded with Others.

THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

*Eminent domain — condemnation proceedings — damages — measure of damages in proceeding to acquire land for highway purposes.*

*Town of Nichols* v. *Sumner Park,* 209 App. Div. 319, affirmed.
(Argued November 23, 1925; decided December 8, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 4, 1924, which reversed an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings to acquire lands for highway purposes. The question at issue was the measure of damages.

*Archibald Howard* and *F. W. Clifford* for appellants. *James S. Truman* for plaintiff, respondent.

*Russell B. Burnside* and *Charles G. Blakeslee* for Public Service Commission, defendant, respondent.

*Halsey Sayles* for New York, Lackawanna and Western Railway Company, defendant, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.