In the Matter of the Last Will and Testament of JANE G. KING, Deceased.

WALTER L. BENJAMIN, Appellant; CORA L. KING PRATT and Another, Respondents.

Fourth Department, December 23, 1925.

Wills — construction — clause in question devised property in trust for benefit of son of testatrix's husband, and his heirs, with direction to pay principal to beneficiary if he reformed and to pay any balance to beneficiary's daughter — testatrix acquired property from her husband — testatrix had no children — scheme of will is to divide property equally among husband's children and heirs of deceased child per stirpes — daughter of beneficiary took vested remainder on death of testatrix subject to life interest of beneficiary.

Under a clause in the will of the testatrix, by which she devised $1,500 in trust for the benefit of a son of her husband and his heirs with direction to pay the beneficiary a part or all of the principal in case he should reform and lead an upright life, and with further direction that any sum remaining in the hands of the trustees at the time of the death of the beneficiary should be paid to his daughter, the daughter took a vested remainder on the death of the testatrix subject to the life estate of her father, since it appears that the testatrix was the second wife of her husband; that she had no children of her own; that she

acquired all of her estate from her husband; and that the entire scheme of the will is to leave to all of her husband's children and to the heirs of a deceased child, equal portions of the estate which she received from her husband.

APPEAL by Walter L. Benjamin from a decree of the Surrogate's Court of the county of Livingston, entered in the office of said Surrogate's Court on the 8th day of September, 1925, adjudging the petitioner, Cora L. King Pratt, to be entitled to a certain trust fund.

*Henry D. McLaury* [*Sheldon H. Close* of counsel], for the appellant.

*D. S. & D. D. Robinson* [*D. D. Robinson* of counsel], for the respondents.

CROUCH, J. The 2d paragraph of the will of Jane G. King gave to trustees $1,500 in trust " for the benefit of Henry King and his heirs," authorizing them " to invest said money * * * and pay to said Henry King the net income therefrom as he may in their judgment require it; " and further "to use such part of the principal sum * * * as in their opinion and wise discretion shall be necessary * * * for him to have, or to have expended for him in case of sickness or want." After expressing a wish that no part of the principal should be paid Henry King unless he satisfied the trustees that he had abandoned the use of liquor and was leading an upright life, and the further wish that he should have all of the principal, but only on condition of reformation, the will continued: " And I further direct and require said trustees or their successors to pay over any of the trust funds remaining in their hands at the decease of said Henry King to his daughter May Belle King."

May Belle King survived testatrix, but predeceased her father. She died intestate, leaving one son, the appellant here, as her sole heir at law and next of kin. When her father died the principal of the trust fund was still intact.

It has been held below that the right of May Belle under the clause of the will quoted above was contingent upon her surviving her father and hence that the residuary legatee became entitled to the fund to the exclusion of appellant.

Whether that ruling is right or wrong depends upon the intent of testatrix. The question of intent is one of fact to be determined in each case from the language of the particular will interpreted in the light of surrounding circumstances and of the common experience of mankind. Precedents are of little value except to furnish some well-established principles of construction. (*Matter of Barney*, 207 App. Div. 25, 28; affd., 239 N. Y. 584.)

It is contended that the so-called divide and pay over rule is applicable under the language of the will here and is determinative of the controversy. It is true that the only gift to May Belle is found in the direction to the trustees to pay over to her at a future time. That is an important evidential fact tending to show that the gift was intended to be contingent upon survival. But it is not necessarily conclusive. (*Bowditch* v. *Ayrault*, 138 N. Y. 222, 229; *Roosa* v. *Harrington*, 171 id. 341, 350.)

We may pass over the rules based on the general policy of the law which favors the vesting of estates and the avoidance of disinheritance and see whether in the general scheme of the will, in the surrounding circumstances and in common experience, there is evidential matter which may outweigh the inference arising from the mere pay over clause.

The evidence shows that the testatrix, Jane G. King, had no children. She was the second wife of Charles W. King, who on his death gave to his wife Jane his entire estate, which after the payment of debts amounted to about $4,300. Charles W. King had three sons by his first wife, John S. King, Henry King and Charles A. King. Charles A. King died leaving two children, Fred King and Frank King. By the 1st paragraph of her will Jane G. King gave $1,500 to John S. King; by the 2d paragraph she made the provision for Henry King and May Belle King, quoted above and here in question; and by the 3d paragraph she gave Fred King and Frank King, children of Charles A. King, deceased, each $800. At the time Jane's will was made her husband's estate was in liquidation and only its approximate amount was known.

It is not an unreasonable inference from those facts that testatrix intended the money which she had received from her husband to revert to his family at her death and be divided among the members on substantially an even basis. Since she gave to the children of a deceased son of her husband an approximately equal share, it seems apparent, too, that testatrix intended to give to each of the three branches what each would have taken by inheritance from her husband. Moreover, the direct gift to the trustees in the 2d paragraph is expressly given "for the benefit of Henry King and his heirs." While that in itself is not a gift to May Belle, it seems to evidence a thought in the mind of testatrix that this third was as definitely given to Henry's branch as the other thirds were given to the other branches.

We have, then, a situation where, on the one hand, the scheme of the will and the surrounding circumstances fairly indicate an intent to vest in May Belle a right to the fund subject to the life estate of her father and to the discretionary power of the trustees;

but where, on the other hand, the language of the will is a direction for future payment alone.

In *Matter of Tienken* (131 N. Y. 391) Judge FINCH said: " I have observed in general that where it [the divide and pay over rule] has prevailed, it has been where no contrary intention was fairly indicated and where its own force was somewhat strengthened and its indication corroborated by further facts."

Subjected to that test, the rule may not prevail here. Nor, in our judgment, did the fact that the trustees had a discretionary power under certain conditions to pay the principal of the trust fund to Henry King, interfere with the vesting of the remainder in May Belle King at the death of testatrix. (*Van Axte* v. *Fisher*, 117 N. Y. 401, 403; *Matter of Elliott*, 27 Misc. 258.)

The decree should be reversed on the law and the facts.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Decree reversed on the law and facts and matter remitted to Surrogate's Court to proceed in accordance with the opinion, with costs to appellant payable out of the estate. The finding of the surrogate as to the intent of the testator is disapproved and reversed.