In the Matter of the Estate of WILLIAM A. DOOLING, Deceased.

Surrogate's Court, Bronx County, February 17, 1936.

*Douglas Mathewson,* for the petitioner, Kate A. Dooling.

*John M. A. Blair,* special guardian.

HENDERSON, S. The only question submitted upon this construction proceeding is whether or not two children of the testator, born after he made his will and concededly unprovided for by any settlement or in such will, are "in any way mentioned" therein within the intendment of section 26 of the Decedent Estate Law, which reads:

"§ 26. Child born after making of will. Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

After directing prompt payment of his just debts and funeral expenses, the testator disposed of his estate in the following language:

" Item: All the rest, residue and remainder of my property and estate, both real and personal and wheresoever situated, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath unto my beloved wife Kate A. Dooling absolutely and in fee simple to her and her heirs, executors, administrators and assigns forever, according to the nature of the property.

" Item: Having full confidence and trust in my beloved wife to take the necessary care of and make provision for our children, I have omitted to make any specific bequests to them.

" Item: I nominate, constitute and appoint my beloved wife, Kate A. Dooling, sole Executrix of this my Will, and Guardian of all my infant children during their respective minorities, and I direct that she shall not be required to give any bond or security whatsoever, any law to the contrary notwithstanding."

The statute was not designed to secure equality of distribution, which it sometimes prevents, but to guard against inadvertence or unintentional disinheritance. It does not attempt to regulate or control the testamentary disposition of property. Its sole object is the protection of the interests of any child born after the execution of its parent's will when such child has neither been provided for nor been mentioned in the will in any way indicative that the testator wrote his will with the possibility of such birth in mind. It becomes a statute of distribution, where both provision and testamentary mention are absent, by raising the presumption that the parent's failure to make either was due to his oversight in that he was thoughtless or lacked vision with respect to the possibility of such birth. (*McLean* v. *McLean*, 207 N. Y. 365, 371; *Wormser* v. *Croce*, 120 App. Div. 287, 289.)

The statute does not require that the mention be specific or that such thought of the future be expressly stated. Opportunity for individual or specific " mention " in a will of children to be born thereafter is obviously limited. Any testamentary mention that may reasonably be interpreted as indicative of a concurrent contemplation of the possibility of future parenthood bars children thereafter born from any right under the statute. An afterborn child is mentioned in a way sufficient to satisfy the statute if the testator has made some reference to a class in terms broad enough to include such child. The statutory mention may be made in the form of a provision of little or no practical value for such a class. (*McLean* v. *McLean*, *supra*, pp. 372, 373; *Tavshanjian* v. *Abbott*,

200 N. Y. 374, 377; *Holbrook* v. *Holbrook*, 193 App. Div. 286, 289; affd., 230 N. Y. 600; *Stachelberg* v. *Stachelberg*, 124 App. Div. 232, 234; affd., 192 N. Y. 576; *Wormser* v. *Croce, supra*, p. 290; *Matter of Morgenstern*, 9 Misc. 198.) In each case holding that a particular reference to a class was insufficient mention of afterborn children, the testator had in some way, expressly or impliedly, defined or limited the membership of the class he mentioned, or the context of his will permitted no reasonable construction that he intended not to provide for afterborn children.

A testator speaks as of the date of his will, but a will is ambulatory and speaks as of the date of his death unless he has otherwise provided. He intends that his testamentary provisions take effect at or after his death, and writes his will accordingly. His use of a general term to designate a class includes all those answering that description at the date of his death in the absence of any ascertainable intent to the contrary. (*Matter of Bump*, 234 N. Y. 60, 65; *Matter of Hoffman*, 201 id. 247, 255; *Campbell* v. *Rawdon*, 18 id. 412, 415; *Wormser* v. *Croce, supra*, p. 290.)

At common law, the birth of a child after the making of a will did not have any effect upon the testamentary disposition unless coupled with the testator's marriage after such will was made. The statute engrafted upon our law the principle of the civil law which implied a revocation from the fact of such birth alone and the resultant presumption of parental oversight. (*Wormser* v. *Croce, supra*.) The statute grants a right unknown to the common law. The burden of establishing such statutory right rests upon the person or persons asserting it. A child born after the making of a will, and not provided for, must show that it, as an afterborn child, has not been in any way mentioned in its parent's will. (*Holbrook* v. *Holbrook, supra*, p. 288.)

There can be no doubt that the decedent intended to disinherit " our children." He says so in definite language and states his reason for omitting any provision for them.

It is necessary to ascertain whether or not such intention included the two children born after he made this will and whether or not they were in any way mentioned therein. (*Matter of Mulqueen*, 213 App. Div. 637, 638; affd., 241 N. Y. 583.) Testamentary intent must be determined from the language of each particular will in the light of the circumstances surrounding its execution. (*Matter of King*, 215 App. Div. 25, 26.) What was, apparently or presumably, in the testator's contemplation at the time he made his will should be considered in seeking the intent with which he wrote his provisions for the disposition of his estate (*Matter of Hoffman, supra*), so that the court may see the facts as the testator saw them and

thus arrive at his intention when the language of his will is of doubtful import. (*Morris* v. *Sickly*, 133 N. Y. 456, 459.) " Individual wills differ as much as individual minds, both in intent and in the language used to express such intent." Consideration of the circumstances concurrent with the writing of a will " is an attempt to install the judicial mind in the place and surroundings of the mind of the testator and thus obtain his thoughts and impulses." (*Matter of Barney*, 207 App. Div. 25, 28; affd., 239 N. Y. 584.)

The testator died on January 19, 1929, and was survived by his widow and nine children. His will is dated July 30, 1915. When he wrote his will he was less than thirty-nine years of age, was married and had seven children born, respectively, on January 13, 1901; June 26, 1902; August 11, 1903; November 30, 1905; May 22, 1907; October 31, 1909, and May 10, 1914. Whether or not he considered that he had formed a habit of parenthood, when he made his will he was aware of his age and of these additions to his family, and of their continuity. Presumably these facts were contemplated by him when he considered the disposition of his estate and formally expressed his wishes with respect thereto.

The special guardian for the afterborn children cites *Crocker* v. *Mulligan* (154 App. Div. 711) which held that an afterborn child of the testator took under the statute. The reasoning in that decision, however, was applied to the particular language of the will there considered. The testator, while he was married and had three children, made a will whereby he gave his entire estate to his wife and wherein he referred to children as follows: " I have not mentioned any of our children, or given to them, any portion of my estate, for the reason that I have the fullest confidence in my wife, that she will, out of the estate hereby given to her, provide for our said children, supplying their need so far as in her power lies." Obviously " them " and " our said children " refer only to those earlier described as " any of our children." The judicial mind, taking the place of the testator's mind in the absence of a clear expression of his intent, found that " when he said that he had ' not mentioned any of our children,' he meant that he had not mentioned *any one* of the children then possessed by his wife and himself " and " he could not be deemed to have said ' I have not mentioned any one of our children unpossessed *in præsenti* and procreable *in futuro.*' "

The court stressed the use by the testator of the words " any of " and " said," and stated that " in this way he individualized each child as a living person, and thereby shows that in his mind he had considered his living children one by one, * * *. Each child

in his mind was capable of being mentioned by name, and he thought of each one \* \* \*. Engrossed by consideration of those who were realities in his solicitude, he forgot the possibilities of the future." Any possible authority of that decision is limited, by the reasoning therein expressed, to wills containing words of precise import to the language therein discussed, and hence it is not applicable to the will before me. There is an implication in the cited case that a testator should express his consideration, if any, of future children by the use of some more specific term such as " children whether possessed *in præsenti* or procreated *in futuro.*" A somewhat different bench of the same court later held, with reference to the same statute, that such prolixity in writing wills is needless and that it is not necessary to enlarge a general term which includes children by the addition of " whether after born or not " in order to meet the requirement of the statute. (*Holbrook* v. *Holbrook, supra.*) Obviously testamentary " mention by name " may be made only of individuals in existence at or prior to the writing of a will, but a testator may make lawful bequests to persons unborn when he writes his will under which they may take as members of a specified class. It cannot, therefore, reasonably be said that the particular reference to bequests in the will now under consideration implies bequests only to children then in existence. It may be noted that the justice who wrote for the court in *Crocker* v. *Mulligan* (*supra*) had previously held that testamentary individualization of an afterborn child was not necessary, and that upon its birth it came within the class designated by the testator as " issue " and was thus mentioned within the statutory requirement. (*McLean* v. *McLean*, 152 App. Div. 479, 481.) Although a separate and irrelevant part of his decision was reversed, it was affirmed as to the holding above specified. (*McLean* v. *McLean*, 207 N. Y. 365, 376.)

In *Wormser* v. *Croce* (*supra*) it was held that children born after their father made his will when he was married and had one child, had no rights under the statute because they were " mentioned " in the will. The significant clauses of that will read:

" Know all men by these presents that I, Prosper L. Gilbert, of the city of Albany, mindful of the uncertainty of life and being desirous of making a just distribution of my property among the members of my family, do make, ordain and declare my last Will and Testament as follows:

"*First.* Having full confidence in the discretion and justice of my beloved wife Mary, I give, devise and bequeath all my estate real and personal, of every description whatsoever to my said wife Mary, to have and to hold the same to her and to her heirs and

assigns forever, subject, however, to the payment of all my just debts and liabilities."

Mr. Justice SCOTT, writing for the court, said that the word "family" includes "children," and that it was apparent that the testator "made his will with a view to the possibility that there might be after-born children, and that in a legal sense he must be considered as having mentioned them in his will."

Certainly the words "our children" and "all my infant children" in the above-quoted context of the present will, "mention" afterborn children as members of each of the two classes more specifically than did the will considered in the last cited case. It is clearly possible to read in the will before me an intent not to provide for afterborn children. The testator's children are twice mentioned therein as a class. His reference to them is such as to convey the idea of his purpose not to provide for any child, whether born before or after he made his will, and is sufficient to satisfy the statute. (See *Tavshanjian* v. *Abbott, supra.*) This testator did not name any living children and he did not otherwise limit his use of the general terms "our children" and "all my infant children," by which he designated the classes he contemplated when making his will. On the contrary, he has further indicated his thought that the classes he described embraced each child born to him at any time by his appointment of his wife as testamentary guardian of "all my infant children." (*Matter of Morgenstern, supra.*) It is apparent that the testator intended such appointment to take effect only upon his death, and that he did intend his designee to be the guardian of all children then answering the description of "all my infant children," whether they were born after he made his will or prior thereto. The language of his will cannot reasonably be construed as showing that he had in mind only his then living children.

I hold that the two children born after their father made his will were mentioned therein as provided by the statute; that the testator intended to mention them in his will and to disinherit them together with all his other children if his wife survived him; that they were and are not entitled to any share or interest in their father's estate; that the widow took the entire net estate, real and personal, under the devise and bequest thereof to her, and that she became vested with the absolute title thereto as the sole beneficiary under the will. The will is so construed.

Settle decree accordingly.