STACHELBERG v. STACHELBERG et al.

(Supreme Court, Appellate Division, First Department.  February 7, 1908.)

DESCENT AND DISTRIBUTION—PERSONS ENTITLED TO TAKE — PRETERMITTED CHILD.

    2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, p. 65, § 49, as amended by Laws 1869, p. 40, c. 22 (3 Birdseye's Rev. St. [3d Ed.] p. 4021, § 17), provides that where a testator shall have a child born after the making of a last will, and shall die leaving such child neither provided for nor in any way mentioned in such will, such child shall succeed to the same portion of testator's estate as would have been distributed to it if testator had died intestate.  A will provided that if testator's wife died prior to himself, leaving issue her surviving, then on his death the interest in his estate which his wife would have been entitled to take, if living, should go to such issue.  *Held*, that a posthumous child did not fall within the class of children mentioned in the will, and hence was entitled to succeed to the same portion of testator's estate as would have been distributed to it, had testator died intestate.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1086.]

Appeal from Special Term.

Action by Edgar J. Stachelberg, as executor of the will of Charles G. Stachelberg, deceased, against Linda Stachelberg, individually and as executrix of the will of Charles G. Stachelberg, deceased, and another.  Judgment for Linda Stachelberg (52 Misc. Rep. 22, 101 N. Y. Supp. 178), and plaintiff and the infant defendant appeal.  Reversed and rendered.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis Marshall, for appellant Edgar J. Stachelberg.
Edwin Blumenstiel, for appellant Charles G. Stachelberg.
Charles E. Rushmore, for respondent.

SCOTT, J.  The plaintiff and the infant defendant appeal from a final judgment sustaining a demurrer to the complaint.  The complaint shows that Charles G. Stachelberg died in the city of New York on the 23d day of April, 1900, leaving a last will and testament which was duly admitted to probate.  His wife, the defendant Linda S. Stachelberg, survived him.  The infant defendant, Charles G. Stachelberg, the son of the testator, was born after the death of the father and in September, 1900, and is the only issue of the marriage.  By his will the decedent left all of his estate to his wife if she should survive him, and she has already received a considerable part of the principal and practically all of the income.  The plaintiff, one of the executors of the will, alleges that he has been advised that the infant defendant was unprovided for by any settlement, and neither provided for nor in any way mentioned in his father's will, and is therefore entitled to succeed to the same portion of his father's estate as would have been distributed to him had his father died intestate.  Plaintiff, therefore, asks for a construction of the will, and an accounting by himself and his coexecutrix, Linda S. Stachelberg.

The statute (2 Rev. St. [1st Ed.] pt. 2, c. 6, tit. 1, p. 65, § 49, as

amended by chapter 22, p. 40, Laws 1869 [3 Birdseye's Rev. St. (3d Ed.) p. 4021, § 17]) reads as follows:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of said testator and shall die leaving such child, so afterborn, unprovided for by any settlement, and neither provided for nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would descend or have been distributed to such child if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed them by such will."

There is no dispute as to the facts;. the only question being whether or not the decedent's posthumous child was provided for or in any way mentioned in his will. The fourth, fifth, and sixth clauses of the will are the only ones having any bearing upon the question. The fourth clause gives all of the testator's estate to his wife absolutely. The fifth clause provides that:

"In case of the death of my said wife before me, leaving lawful issue her ·surviving, then upon my death the interest in my said estate which my said wife would be entitled to take if living shall belong to such issue in equal pro:portions."

The sixth clause provides that if his wife shall die before the testator, leaving no lawful issue her surviving, his estate shall be divided in accordance with the provisions of the laws of the state of New York ·controlling and governing the division of the estates of intestates. It is obvious that if the infant defendant was provided for, or in any way was mentioned in the will, such provision or mention must be found in the fifth clause heretofore quoted in full. Mention is certainly made of children in that clause, thus showing that the testator had in ·mind the possibility that he and his wife might have children; but the ·children there mentioned cannot be held to include a child born after the father's death. The only children in any way referred to are nec·essarily such as might be born in the testator's lifetime, and who should survive both the father and mother. No mention of any children is made, except by way of provision for them, and no provision is made for any child, unless the mother shall die before the father and shall leave issue. This necessarily excludes any child born after the father's death. It is not sufficient that the will should show that the testator had in mind the possibility of children born after the making of the will. The child will take, unless it is mentioned in some way, or included in some class that is mentioned. If a testator provided that at his death his property should go to his sons, it would clearly appear that he contemplated the possibility that he might have children; but it would be equally clear that any daughters he might have, born after the making of the will, would be in no way mentioned in the will. The case of Wormser v. Croce (recently decided by this court) 120 App. Div. 287, 104 N. Y. Supp. 1090, is not analogous. We found there a mention of afterborn children in the use of the word "family," which, as we considered, included and applied to all the children whom the testator might leave, whether born before or after the making of the will. Reading the will in the present case and the statute together,

we find ourselves forced to the conclusion that the infant defendant did not fall within the class of children mentioned in the fifth clause of the will, and was neither provided for nor mentioned therein, and is therefore entitled to succeed to the same portion of his father's estate as would have been distributed to him, had his father died intestate.

It follows that the judgment must be reversed, with costs to the plaintiff and the infant defendant payable out of the estate, and a decree entered in accordance with the prayer of the complaint. All concur.

<hr>