### CROCKER v. MULLIGAN.

(Supreme Court, Appellate Division, Second Department. January 10, 1913.)

DESCENT AND DISTRIBUTION (§ 47*)—EFFECT OF WILL—PRETERMITTED CHILD.
    Decedent Estate Law (Consol. Laws 1909, c. 13) § 26, provides that whenever a testator has a child born after the making of his last will, and dies leaving such child neither provided for nor mentioned in the will, such child shall succeed to the same part of his estate as would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have descended to him. A will giving the residue of testator's estate to his wife neither mentioned any of their children nor gave any part of the estate to them because of his pronounced confidence that the wife would provide for them. At the time of executing the will, the testator had three daughters living, and prior to his death another daughter was born. *Held*, that the will referred only to the children then living, and that the after-born daughter took one-fourth of the estate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 126–130; Dec. Dig. § 47.*]

Action by Carrie W. Crocker against Ralph R. Mulligan. Submission of controversy on agreed statement of facts. Judgment for defendant.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Alfred R. Bunnell, of New York City, for plaintiff.
Thomas M. Smith, of Yonkers, for defendant.

THOMAS, J. · The question is whether a child is in any way mentioned in a will made before its birth. The second paragraph is:

"All the rest, residue and remainder of my estate, both real and personal of every kind and nature, I give, devise and bequeath to my beloved wife, Carrie W. Crocker, I have not mentioned any of our children or given to them, any portion of my estate, for the reason that I have the fullest confidence in my wife, that she will, out of the estate hereby given to her, provide for our said children, supplying their need so far as in her power lies."

At the date of execution of the will, September 16, 1904, the testator had three living daughters, and another daughter was born in March, 1906, prior to testator's death in February, 1911. The defendant in a contract to purchase land devised refuses to take title upon the ground that the last born takes one-fourth of the same under the statute. Section 26, Decedent Estate Law (Consol. Laws 1909, c. 13). The testator in the gift to his wife states that he has "not mentioned any of our children, or given to them, any portion of my estate," and the reason assigned for the omission is his confidence that his wife will out of the estate given her "provide for our said children, supplying their need." The "said children" are those earlier described. When he said that he had "not mentioned any of our children," he meant that he had not mentioned any one of the children then possessed by his wife and himself. In this way he individualized each child as a living person, and thereby shows that in his mind he had considered his living children one by one, and concluded that their interests and necessities, joint or several, did not require that he should make any reference to them, or give to them anything. The word "them" refers to the word "children," and that word defined the class whereof "any one" defined the number. When he said, "I have not mentioned any of our children," he could not be deemed to have said, "I have not mentioned any one of our children unpossessed in præsenti and procreable in futuro." Each child in his mind was capable of being mentioned by name, and he thought of each one, and then confided the group to the affection and wisdom of his wife. En-

grossed by consideration of those who were realities in his solicitude, he forgot the possibilities of the future. Of course, if he had mentally forecast the indefinite issue of his marriage, he would have provided for such unknown children nothing beyond committing them to the care of his wife. So that the statute works out this—the living objects of his love take nothing; the child, unborn, unconsidered, takes one quarter of the estate although, if considered then whether born or not, she would have received nothing. For it is beyond reason that the father would have denied a gift to any one of his three daughters and given something to issue that might be born.

The defendant should have judgment that Willette A. Crocker has title in fee to an undivided one-fourth interest in the land as if her father had died intestate, and that the plaintiff cannot convey the same. All concur.