CYNTHIA HOLBROOK, an Infant, by ISABEL S. MCDONALD, Her Guardian ad Litem, Respondent, *v.* WARREN HOLBROOK and Others, Appellants, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Second Department, July 27, 1920.

**Wills — when posthumous child provided for or mentioned in will, within meaning of section 26 of Decedent Estate Law.**

A posthumous child is provided for or mentioned in a will, within the meaning of section 26 of the Decedent Estate Law, where the testator, who was survived by his wife, bequeathed all his residuary estate to her absolutely and further provided that " if she should die before me and I should leave lawful issue then I give, devise and bequeath all my said residuary estate

to my said issue *per stirpes* and not *per capita*, but if my said wife should die before me and I should not leave any lawful issue me surviving," then said residuary estate was to be given to others named.

The words of survivorship in said will should not be held to defeat the natural purpose of the testator, where he had no children when he executed the will.

MILLS, J., dissents, with opinion.

APPEAL by the defendants, Warren Holbrook and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 10th day of April, 1920, overruling defendants' demurrers to the complaint.

The issue of law herein was brought on and tried as a contested motion pursuant to section 976 of the Code of Civil Procedure.

This suit was for a partition of certain real estate of the late Elliot H. Holbrook, who died on March 8, 1919, leaving a widow, Elizabeth M. Holbrook, who gave birth to the plaintiff on August 5, 1919. Elliot H. Holbrook left a will which has been duly probated, wherein after certain bequests and devises he provided:

" *Fourth.* All the rest, residue and remainder of my estate, both real and personal, of which I may be seized or possessed, or to which I may in any manner be entitled, I give, devise and bequeath to my wife Elizabeth M. Holbrook absolutely and forever, but if she should die before me and I should leave lawful issue then I give, devise and bequeath all my said residuary estate to my said issue *per stirpes* and not *per capita*, but if my said wife should die before me and I should not leave any lawful issue me surviving, then I give, devise and bequeath my said residuary estate in equal shares to my surviving brothers and sister, the lawful issue of any deceased brother or of my sister to take the share *per stirpes* to which the parent would have been entitled if living."

The Decedent Estate Law, section 26, enacts: "Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the

same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate."

This complaint accordingly set out and averred that as to an undivided one-fifth part of the real estate mentioned, " the plaintiff, as a child born after the making of said last Will and Testament of her father, and unprovided for by any settlement, and neither provided for nor in any way mentioned in such Will, has succeeded to and has inherited, as if the said Elliot H. Holbrook had died intestate, the said equal undivided one-fifth part of the said real estate described."

The executors of the will and the individual defendants demurred to the complaint for insufficiency, which demurrers were brought on as a motion. They were overruled with leave to answer. Defendants have taken these appeals from such order.

*Edward S. Kaufman,* for the appellants Halliday and Merrall, as executors, etc.

*Alexander B. Halliday,* for the appellants devisee and legatees.

*Henry F. Miller,* for the respondent.

PUTNAM, J.:

To maintain this suit plaintiff has to show that she, as an afterborn child, has been " neither provided for, nor in any way mentioned " in her father's will. The case of *Stachelberg* v. *Stachelberg* (124 App. Div. 232; affd., 192 N. Y. 576) apparently influenced the disposition of this motion. In that case the will made no provision for any child unless the mother should die before the father, and leave issue, which necessarily excluded a child born after the father's death. Mr. Holbrook, however, here provided for his leaving lawful issue. If his wife should survive him she was to take. If she did not survive there were two alternatives; one where there was issue surviving, and the other if he should " not leave any lawful issue me surviving." Hence he had in mind the case of children born after the making of the will, whether born in his lifetime or posthumously. To hold otherwise is to give an artificial and narrow sense to the term " lawful issue me surviving."

In *Matter of Estate of Clark* (3 DeG., J. & S. [68 Eng. Ch.] 111), that will gave property to M. C. for life, and after her death to " all and every the children of the said M. C. who shall survive me." An afterborn child of M. C. was held to be included. Lord Justice KNIGHT BRUCE said (p. 115): " I am of opinion that we may without impropriety hold the words ' who shall survive me ' to mean ' who shall be living after me; ' and I am not sure that this is not their strictly correct meaning." According to some lexicographers, it means " to live after." (See Worcester's Dict., word " survive; " *Bailey* v. *Brown*, 19 R. I. 669, 681.) In my view, by the term " issue " plaintiff was included as one of a class. (*McLean* v. *McLean*, 207 N. Y. 365.)

The result is reasonable. It saves the father from the reproach of overlooking an event so natural as a posthumous heir. Words of survivorship, therefore, should not be held to defeat the testator's natural purpose, who had no children when he executed the will. It would multiply words for those drawing wills to require at this day a further term to enlarge the expression " lawful issue." To write in a clause " whether after-born or not " hath hitherto seemed needless, and without necessity we should not tend to incumber the verbiage of such instruments.

I advise, therefore, to reverse the order, with ten dollars costs and disbursements, and to sustain the demurrers.

JENKS, P. J., RICH and KELLY, JJ., concur; MILLS, J., reads for affirmance.

MILLS, J. (dissenting):

The sole question here is whether or not the plaintiff was provided for or mentioned in the will, and that depends upon the construction of the 4th clause of the said will, which is as follows:

" *Fourth.* All the rest, residue and remainder of my estate, both real and personal, of which I may be seized or possessed, or to which I may in any manner be entitled, I give, devise and bequeath to my wife Elizabeth M. Holbrook absolutely and forever, but if she should die before me and I should

leave lawful issue then I give, devise and bequeath all my said residuary estate to my said issue *per stirpes* and not *per capita*, but if my said wife should die before me and I should not leave any lawful issue me surviving, then I give, devise and bequeath my said residuary estate in equal shares to my surviving brothers and sister, the lawful issue of any deceased brother or of my sister to take the share *per stirpes* to which the parent would have been entitled if living."

In brief, that clause gives the property absolutely to the testator's widow if she survives him, but provides that should she die before him and he should leave lawful issue him surviving (" me surviving ") the property should go to that issue, and, if not, then to testator's surviving brothers and sister. It is to be noted that in the first part of that alternative provision, viz., " but if she should die before me and I should leave lawful issue then I give," etc., the expression used is, " I should leave lawful issue; " whereas in the second part of it, namely, " but if my said wife should die before me and I should not leave any lawful issue me surviving, then I give," etc., the words " me surviving " were added. Still I think that as those provisions are plainly alternative the words of survivorship in the first part have the same meaning as those in the second part, viz., " me surviving."

While the learned justice at Special Term wrote no opinion, it is indicated in the briefs that he so decided upon the authority of *Stachelberg* v. *Stachelberg* (124 App. Div. 232; affd., upon opinion of Mr. Justice Scott below, 192 N. Y. 576). Of course, the vital question is whether or not the plaintiff, the posthumous child, was provided for or mentioned in that clause of the will. It is well settled that she is to be regarded as such if she comes within a class so provided for or mentioned. The contention of the appellants is that she comes within the class mentioned therein as the " lawful issue " of decedent. Doubtless that would be true if the expression were used in that class absolutely, that is, without qualification; but the expression is with qualification by the term " me surviving." In the *Stachelberg Case* (*supra*) the provision was: " In case of the death of my said wife before me, leaving lawful issue her surviving, then upon my death the interest in my said estate which my said wife would be entitled to take if

living shall belong to such issue in equal proportions " (124 App. Div. 233); and it was held that the reference to the children in the provision was therein limited to the children who survived the wife and thereafter also survived him, the testator, and, therefore, excluded the plaintiff who was born of the wife after the testator's death. The Special Term in the instant case has in effect held that the qualification " me surviving " has in legal effect limited the reference to the children who actually survived the testator — those who were living at the time of his death; and that, therefore, the reference excludes and thus does not embrace the class of posthumous children to which plaintiff belongs. I am inclined to think that this contention is well made; and that, therefore, the decision at Special Term was correct. In *Crocker* v. *Mulligan* (154 App. Div. 711). we held (Mr. Justice THOMAS writing for the court) that where the testator at the time of the making of the will had three children and subsequently another was born who survived him, the general expression " our children " did not include such subsequently born child. Here in the instant case testator had no child when he made the will, and, therefore, I would consider that the reference to his " lawful issue " included such issue whenever thereafter born, except for the limitation by the words " me surviving." That view would be in accord with the decision in *McLean* v. *McLean* (207 N. Y. 365). The question here is not, as in the *Stachelberg Case* (*supra*), as to a limitation to a survivorship of the wife dying before the husband and so necessarily excluding his posthumous child; but is as to a limitation to an actual survivorship of himself, which might, of course, include children by a subsequent wife. Except for the words " me surviving," I would hold the other conclusion and advise for reversal.

Hence I dissent and vote to affirm the order appealed from, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with costs.