In the Matter of the Probate of the Last Will and Testament of JOHN W. DICK, Deceased.

(Surrogate's Court, Bronx County, January, 1922.)

Wills — construction of — upon probate surrogate may determine whether after-born children, unprovided for, are entitled to share — when after-born children deemed to be mentioned in will within meaning of section 26 of Decedent Estate Law.

The surrogate upon a proceeding for the probate of a will has jurisdiction to construe the instrument and adjudicate as to whether after-born children of the testator, unprovided for therein or by any settlement, are entitled to a distributive share of his estate pursuant to section 26 of the Decedent Estate Law.

After the creation of a trust for the benefit of certain named persons and of testator's wife, his executrix, who if after-born children were cut off, was the sole legatee, the will provides: " In the event of my leaving legitimate issue, I annul this entire will and give, bequeath and devise to my wife my entire estate whether the same be real, personal or mixed property, to herself, her heirs, executors and assigns, in fee and absolutely free from any trust or restrictions." Held, that said children were mentioned in the will within the meaning of section 26 of the Decedent Estate Law and were not entitled to succeed to any portion of testator's property, pursuant to such statute.

Surrogate's Court, Bronx County, January, 1922.   [Vol. 117.

PROCEEDING for probate of will.

John Kadel, for petitioner.

Herbert A. Knox, special guardian.

SCHULZ, S.   In a proceeding for the probate of a will, the special guardian of two children of the decedent born after the execution of the document and surviving the testator, prays for a construction of the will and for a determination as to whether or not his wards are entitled to a distributive share of the decedent's estate pursuant to section 26 of the Decedent Estate Law (Laws of 1909, chap. 18; Consol. Laws, chap. XIII).   The will was permitted to go to probate and the question of construction was reserved and is now to be determined.

Proponent's counsel suggests that the court has no jurisdiction to construe the will and cites *Matter of Sauer,* 89 Misc. Rep. 105, as so holding.  He states, however, that he is willing that the court proceed to construe the will to the end that the matter be disposed of.   It is nevertheless necessary to determine this question for if it be a fact that such jurisdiction is not in this court, it cannot be conferred by the consent or the acquiescence of counsel.   *Matter of Heinze,* 179 App. Div. 453; *Matter of Mondshain,* 186 id. 528; *Matter of Thompson,* 184 N. Y. 36; *Matter of Martin,* 211 id. 328, 330.

Decedent Estate Law, section 26, provides that whenever such surviving after-born child is unprovided for by any settlement and neither provided for, nor in any way mentioned in the will, such child shall succeed to the same portion of the parent's estate as would have descended or been distributed to such child if the parent had died intestate " and shall be entitled to recover the same portion from the devisees and

legatees, in proportion to and out of the parts devised and bequeathed to them by such will.'' And section 28 of the same law provides that such child "may maintain an action against the legatees or devisees, as the case requires, to recover his share of the property;    *    *    *''

In *Matter of Sauer, supra,* a similar proceeding was before the court and the surrogate declined to construe the will holding that the action provided for in the section last cited is a special statutory action which lies in " our general court " and not in the Surrogate's Court and that no court other than that vested with jurisdiction of such actions can determine whether the action lies or not and that the remedy of the after-born child under the circumstances here presented is exclusive and depends wholly on statute. If this is a correct interpretation of the statute, then this proceeding for construction must be dismissed.

Section 28 of the Decedent Estate Law also provides that such child is " subject to the same liabilities, and has the same rights and is entitled to the same remedies, to compel a distribution or partition of the property, or a contribution from other persons interested in the estate, or to gain possession of the property, as any other person who is so entitled to succeed.'' The section, therefore, appears to give to such child not only a remedy against the legatees and devisees by an action which would not lie in this court, but also the same remedy *to compel a distribution* as has any other person, so entitled to succeed. Such a person could compel an accounting; hence it would appear that an after-born child might compel an accounting.

By section 40 of the Surrogate's Court Act (formerly Code of Civil Procedure, section 2510) the Surrogate's Court is given jurisdiction to administer

justice in all matters relating to affairs of decedents, and to try and determine all questions, legal or equitable, between the parties as to all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires, and also to determine the validity, construction or effect of any disposition of property contained in any will proved in his court, whenever a special proceeding is brought for that purpose or whenever it is necessary to make such determination as to any will in a proceeding pending before him or whenever any party to a proceeding for probate demands such determination in such proceeding. This latter jurisdiction is further conferred by section 145 of the Surrogate's Court Act (formerly section 2615 of the Code of Civil Procedure), which also authorizes an independent proceeding for that purpose. If an after-born child can compel an accounting and a distribution on such an accounting, it would follow that the court has jurisdiction to construe the will and if it has such jurisdiction it may be exercised in a probate proceeding, in a special proceeding brought for that purpose or upon an accounting.

I have been unable to find any authority directly upon the point in question and none has been drawn to my attention except *Matter of Sauer, supra.* In *Matter of Dwyer,* 192 App. Div. 72, however, involving another section of the same statute, the reasoning is by analogy applicable to the question now to be determined.

In that matter the court had under consideration section 27 of the Decedent Estate Law which provides that if any person shall be a subscribing witness to the execution of any will where any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness and the will

Misc.]    Surrogate's Court, Bronx County, January, 1922.

cannot be proved without the testimony of such witness, the said devise, etc., shall be void so far only as concerns such witness or any claiming under him, and if the witness would have been entitled to share in the testator's estate if the will were not established, then so much of the share that would have descended or been distributed to such witness shall be saved to him as will not exceed the value of the devise or bequest made to him in the will " and he shall recover the same of the devisees or legatees named in the will in proportion to, and out of, the parts devised and bequeathed to them."

It will be observed that the language quoted above is almost identical with that part of section 26 of the Decedent Estate Law heretofore quoted.

Section 28 which was under consideration in *Matter of Sauer* refers not only to after-born children but also to a subscribing witness. It would follow, therefore, that if the remedy against the legatees and devisees prayed for in section 28 is exclusive as regards an after-born child, it would also be exclusive as to a subscribing witness, but in the case cited the Appellate Division of the fourth department held that section 27 provides a remedy but that such remedy is not exclusive. The remedy provided by section 27 is incorporated in section 28; hence it would follow that the remedy against the devisees and legatees provided in section 28 is also not exclusive.

I cannot impute to the legislature an intent that the court in which the administration of an estate is pending, which has control of the personal representative of the decedent and which is fully advised of the facts, shall have no jurisdiction to determine the rights of children and direct a distribution under the circumstances referred to, but that such children shall be relegated to an action against the legatees who may pos-

sibly be nonresidents. It might well be that under such an interpretation of the statute, the surrogate would be compelled to make a distribution knowing it to be contrary to the rights of the children.

Upon the reasoning in the *Dwyer* case and the additional provisions of section 28 of the Decedent Estate Law to which I have referred and which in my opinion give to the infant a right to compel distribution, I reach the conclusion that the court has jurisdiction to construe this will.

The next question to be determined is whether I should construe the will at this time. I am aware of the fact that the general trend of the decisions is that such a construction should not be had, unless it is necessary either to the making of the decree in the matter then pending, or to the administration of the estate, and is usually deferred to the final accounting when the time for distribution arrives.

The proponent is the widow of the decedent, the executrix of his will, and, if the children are cut off thereby, the sole legatee thereunder. It is quite possible that under these circumstances she may not file a final accounting unless I make this necessary by refusing to construe the document at this time. Again, her circumstances may be such that it will be of great importance for her to know whether she can use all the assets of the estate or whether a part thereof belongs to the children, and if the latter have any rights, they should be established so that, as persons interested, they may be heard pending the administration of the estate. The question also involves the status of the children, for, if the executrix made a final accounting and the question were undetermined, she would not know whether they are necessary parties and should be cited or not. All of the parties interested in this matter are now before the court, repre-

Misc.]    Surrogate's Court, Bronx County, January, 1922.

sented by counsel and a special guardian, both of whom have submitted briefs upon the question involved, and there appears to be no reason why a construction cannot be had with full justice to all of the parties interested. Such being the circumstances, I deem it to the best interests of the estate of the decedent that the will be construed at this time.

It is conceded that the testator had no issue living when the will was executed and that the after-born children were unprovided for by any settlement. By his last will and testament he established a trust for the benefit of his wife and others therein named and thereafter he provided as follows: " In the event of my leaving legitimate issue, I annul this entire will and give, bequeath and devise to my wife my entire estate whether the same be real, personal or mixed property, to herself, her heirs, executors and assigns, in fee and absolutely free from any trust or restrictions."

I hold that by the language quoted, the two after-born children were mentioned in such will within the meaning of the statute (*McLean* v. *McLean*, 207 N. Y. 365; *Holbrook* v. *Holbrook*, 193 App. Div. 286) and that, therefore, they are not entitled to succeed to any portion of the testator's property pursuant to the provision of such statute.

Settle decision and decree accordingly.