In the Matter of the Re-Probate of the Last Will and Testament of RAYMOND BURR JONES, Deceased, as a Will of Real and Personal Property and Construction of Said Will.

Surrogate's Court, Westchester County, April 24, 1929.

*Murray, Aldrich & Roberts,* for the executor.

*Charles R. Small,* for the widow of decedent.

*Frank H. Mackintosh,* for the mother of decedent.

*Thomas B. Gilchrist,* special guardian.

SLATER, S.  Raymond Burr Jones, the testator, executed a will March 16, 1928, at which time he was unmarried.  Between that date and the date of his death, July 18, 1928, he married one Katharine Lyon Bryant, who survived him as his widow.  His mother, Eliza Burr Jones, also survived him.  On March 6, 1929, the testator's widow gave birth to a posthumous child of the testator.  The executor has applied for a construction of the will to determine whether the said posthumous child is provided for or mentioned in the will within the meaning of the statutes, or whether such child is entitled to share in the real and personal property left by the testator, as though the testator had died intestate.

That part of the will which affects the question is as follows:

" *First.* In case I leave a widow and/or a descendant surviving me I give and bequeath to my Trustee the sum of Forty Thousand Dollars in trust, to hold, invest and reinvest the same, to collect the income thereof, and to pay the net income thereof to my mother during her life and upon her death after me to pay over the principal of the said trust fund to my widow, or if she is not then living, to my descendants then living *per stirpes.*

" *Second.* I give, devise and bequeath all of the rest, residue and remainder of the property, both real and personal, which shall belong to me at the time of my death to my widow, or if I shall leave no widow, to my descendants living at the time of my death *per stirpes.* My residuary estate shall, in case my mother shall die before me, include the sum of $40,000 mentioned in the paragraph hereof numbered ' *First.*' In the event that I shall leave no widow and no descendant surviving me, I give, devise and bequeath all of the property, both real and personal, which shall belong to me at the time of my death to my mother.

" *Third.* This Will is made in contemplation of my marriage with Katharine Lyon Bryant. The provisions for my widow herein contained are intended for the benefit of said Katharine Lyon Bryant if she shall be my widow; otherwise, I do not wish or intend to make any provision for her."

Prior to 1919, section 26 of the Decedent Estate Law was the only statute giving to a child born after the making of a will the right to share in his parent's estate, according to the intestate law of the State, unless the parent left a will in which such afterborn child was *mentioned* or *provided for.* Prior to 1919, section 35 of the Decedent Estate Law provided for the revocation of a will by subsequent marriage and birth of issue. Section 35 was amended by chapter 293 of the Laws of 1919 and resulted in placing upon the statute books two statutes giving rights to afterborn children of testators. Section 35 now provides that, if after making any will such testator *marries,* and the *husband* or *wife,* or any *issue* of such marriage *survives* the testator, such will shall be deemed *revoked as to them* (1) unless provision shall have been made for them by some settlement; (2) or, they shall be *provided* for in the will; (3) or, in such way mentioned therein as *to show an intention not* to make such provision.

The phraseology of the two sections is not identical. Section 35 extends the rights of afterborn children of a testator whose will was made before marriage.

Under section 26, if an afterborn child is either *provided for* or *in any way mentioned in the will,* he is not permitted to inherit by intestacy. Section 35 gives to such afterborn issue the right

to inherit by intestacy, unless they shall be *provided for in the will*, or in such a way *mentioned* therein as to show the *intention not* to make such provision. Thus, it may be seen that under section 26, the *mere mention* of an afterborn child, or the class in which the afterborn child would fall, would be sufficient to cut off such child. Under section 35, the *mere mention* of such afterborn child *is not sufficient to cut off his rights*, unless the language used by the testator shows an intention *not* to make provision for such child. Both sections contain a paragraph with reference to being " provided for."

In the instant case the afterborn child was unprovided for by any settlement. However, was the child " *provided for* " pursuant to either section 26 or section 35?

A future estate is either vested or contingent. (Real Prop. Law, §§ 35, 37, 38, 40, 50.) The child took a contingent estate under the terms of the 1st paragraph of the will, subject to divestment by his death during the life of the mother of the testator, or by his mother surviving the testator's mother. (*McLean* v. *McLean*, 207 N. Y. 365, 373; *Matter of Mulqueen*, 213 App. Div. 637.) The inquiry is presented whether by the contingent remainder gift in the 1st paragraph of the will such afterborn child is " provided for in the will," within the meaning of either section 26 or section 35?

It is the court's opinion that the contingent remainder gift is an estate which constitutes a sufficient " provision " for the afterborn child within the meaning of sections 26 and 35 of the Decedent Estate Law, and the child is not entitled to the statutory provision.

Again, did the testator, by his will, *show an intention not to make a provision* for children born after the making of the will?

The will clearly indicates it was made in contemplation of marriage. The intent of the testator must be gathered from a reading of the entire document, being limited to the words which the testator himself used. (*Matter of Durand*, 250 N. Y. 45.)

In the 1st paragraph, he says: " In case I leave a widow and/or a descendant surviving me." By the 2d paragraph of the will, gift is made " to my widow or if I shall leave no widow, to my descendants living at the time of my death *per stirpes*."

In these words we find a gift to the widow, with the thought that the testator would be survived by issue. It is obvious that a gift to a widow without reference to a child would not evidence an " *intention not* " to provide for a child. The omission of the reference to the child is not enough. Does the language of the will in the instant case impart an *intention not* to make provision for such child? What is the common-sense meaning of testator's words? The child is mentioned as substituted legatee by the

testator's use of the word " descendants "— the gift is to the widow in the first instance — thus the intention is shown *not* to give to the descendant — the child — born after the will-making.

In my opinion, the testator expressed the intention by his words that a child *should not* participate in the residuary estate in the event that he be survived by a widow. There is no evidence of testamentary thoughtlessness and lack of vision in the preparation of the will. (*McLean* v. *McLean, supra,* 371.)

Consequently, it also can be held that the testator evidenced an *intention not to make provision* for such child, so that the child is not entitled to the statutory provision.

The following cases reflect upon the question involved: *Stachelberg* v. *Stachelberg* (124 App. Div. 232; affd., 192 N. Y. 576); *Matter of Lally* (136 App. Div. 781; affd., 198 N. Y. 608); *Holbrook* v. *Holbrook* (193 App. Div. 286; affd., 230 N. Y. 600); *Matter of Dick* (117 Misc. 635); *Wormser* v. *Croce* (120 App. Div. 287); *Tavshanjian* v. *Abbott* (200 N. Y. 374).

Submit decision and decree construing the will in accordance with these views.