In the Matter of the Estate of JOHN A. MITCHELL, Deceased.

Surrogate's Court, New York County, January 16, 1932.

*Morris F. Goldstein*, for the executor and Katherine S. Mitchell.

*John J. O'Connell*, special guardian, for Jacqulyn Mitchell.

*Samuel F. Powel, Jr.*, special guardian, for Helen Alzora Mitchell.

*Chapman & Cutler*, for the petitioners.

FOLEY, S. This is an application for a construction of the will. The application is made by the representative of a posthumous child of the testator. It is joined in by the executor and the widow, the residuary legatee. The special guardian contends that the will neither provides for nor mentions the posthumous child and that pursuant to the provisions of section 26 of the Decedent Estate Law, his ward is entitled to the same share of the estate she would have received had the testator died intestate. This section provides: "Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will."

The fifth paragraph of the will, bearing directly on the point raised in this proceeding, provides as follows: "All the rest, residue and remainder of my estate * * * I hereby give, will, bequeath and devise unto my beloved wife, Katherine Sherman Mitchell, absolutely as her own forever. It being my desire and intention that if there be any issues (*sic*) surviving me she will amply care and provide for them out of such residuary estate."

By the second paragraph of his will the testator created a trust for the benefit of his mother for her life. The remainder of this trust is disposed of on the death of the mother in the third paragraph of the will, by a direction to the executors to turn over the corpus of the fund to the testator's wife " provided, at the time of my decease there shall be living direct issue surviving me."

The fourth paragraph of the will provides that if the testator is not survived by direct living issue, the corpus of this trust is to be distributed among the testator's brothers and sisters.

In opposition to the claim of the special guardian on behalf of the infant, the executor and the widow contend that the will sufficiently mentions the posthumous daughter so as to comply with the statute and she is not entitled to share in the estate. The object of the statute is not to secure equality of distribution or to regulate or control the testamentary disposition of property, but rather to guard against inadvertent or unintentional disinheritance. Thus the statute protects the interests of afterborn children, who through testamentary thoughtlessness and lack of vision on the part of the testator, have not been mentioned or provided for in the will. (*McLean* v. *McLean*, 207 N. Y. 365; *Wormser* v. *Croce*, 120 App. Div. 287.) The mention of afterborn children as a class and in terms broad enough to include a specific afterborn child is sufficient compliance with the statute. (*McLean* v. *McLean*, *supra*.) In the latter case it was held that a devise by the testatrix of her real property to her husband and on his death to her issue surviving her husband, was sufficient mention of afterborn children to comply with the statute. In *Holbrook* v. *Holbrook* (193 App. Div. 286; affd., 230 N. Y. 600) it was determined that the use of the words " lawful issue " was sufficient mention of afterborn children.

In the present case the testator stated in the fifth paragraph of his will that it was his desire and intention that if there were any issue surviving him, his wife would amply care and provide for them out of the residuary estate. This will was executed approximately five months before the birth of the posthumous child and at the time of its execution a daughter of the testator by a former marriage was living. The class mentioned in the will is " issue

surviving me " and is broad enough to include the posthumous child represented by the special guardian. The special guardian raises the further point that his ward, having been *en ventre sa mere* at the date of the death of the testator, cannot be deemed to be within the class of issue surviving the testator. His position on this point is untenable. Such a child has always been included as issue surviving a decedent. (*Matter of Voight*, 178 App. Div. 751; *Matter of McEwan*, 202 id. 50; Real Prop. Law, § 56.)

I hold, therefore, that sufficient mention of Jacqulyn Mitchell, the posthumous child, is made in the will to comply with the provisions of the statute, and she is, therefore, not entitled to any interest in the estate. (*Holbrook* v. *Holbrook, supra; McLean* v. *McLean, supra; Wormser* v. *Croce, supra; Matter of Dick*, 117 Misc. 635.)

Submit decree on notice construing the will accordingly.