In the Matter of the Estate of HERBERT J. CALLISTER, Deceased.

Surrogate's Court, Kings County, April 13, 1933.

*Weller, Rogers & Berger,* for the proponent.

*Miles J. McDonald,* special guardian, for the infant Herbert James Callister.

WINGATE, S. The testator gave all of his real and his personal property to his wife and appointed her executrix. Paragraph " third " of his will, which was executed September 20, 1932, follows: " I make no provision for any issue that may survive me as I feel confident that my beloved wife will amply provide for and take care of any such issue." The decedent was survived by his widow and a posthumous child born October 21, 1932. The special guardian appointed to appear and protect the interests of this child has raised the question of the applicability of section 26 of the Decedent Estate Law. The precise question is whether the

above language is such *mention* of this posthumous child as is contemplated by the statute.

The fundamental object of the statute is " to guard and provide against such testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children and taking such possibility into account in framing a scheme for the testamentary disposition of his property." (*McLean* v. *McLean*, 207 N. Y. 365, at p. 371.) Its purpose is not to compel, regulate or control testamentary provision, and if the language employed by the testator indicates a contemplation of such children by provision therefor or mention thereof, compliance with the statute has been had. Mention of such children as a class and in terms broad enough to include a specific child is sufficient. (*McLean* v. *McLean*, *supra*.) Mention of " issue that may survive me " includes a surviving child. (*Holbrook* v. *Holbrook*, 193 App. Div. 286; affd., 230 N. Y. 600.)

Four decisions are particularly in point. The language in *Matter of Dick* (117 Misc. 635) was as follows: " ' In the event of my leaving legitimate issue, I annul this entire will and give, bequeath and devise to my wife my entire estate whether the same be real, personal or mixed property, to herself, her heirs, executors and assigns, in fee and absolutely free from any trust or restrictions." The court held that two after-born children were mentioned in the will within the meaning of the statute. In *Matter of Brown* (133 Misc. 457) the testator provided: " in giving all my property and estate to my wife I am not to be understood as forgetting or neglecting my infant son, but rely upon the affection and care of my wife for our son and have confidence and faith that my wife will do every-- thing for our son, or any children that may be born to us, that their interests and welfare require." It was determined that a child born subsequently to the execution of the will was sufficiently mentioned in the will so as not to be entitled to take any share of decedent's estate.

In *Matter of Jones* (134 Misc. 26) we read:

" ' *First*. In case I leave a widow and/or a descendant surviving me I give and bequeath to my Trustee the sum of Forty Thousand Dollars in trust, to hold, invest and reinvest the same, to collect the income thereof, and to pay the net income thereof to my mother during her life and upon her death after me to pay over the principal of the said trust fund to my widow, or if she is not then living, to my descendants then living *per stirpes*.

" ' *Second*. I give, devise and bequeath all of the rest, residue and remainder of the property, both real and personal, which shall belong to me at the time of my death to my widow, or if I shall

leave no widow, to my descendants living at the time of my death *per stirpes.* My residuary estate shall, in case my mother shall die before me, include the sum of $40,000 mentioned in the paragraph hereof numbered "*First.*" In the event that I shall leave no widow and no descendant surviving me, I give, devise and bequeath all of the property, both real and personal, which shall belong to me at the time of my death to my mother.' "

The court held that there was no evidence of testamentary thoughtlessness or lack of vision in the preparation of the will, and that, further, the testator had evidenced an intention not to make provision for an after-born child. Such child was held not to be entitled to the statutory provision.

The language employed by the testator in *Matter of Mitchell* (144 Misc. 262) is strikingly similar to that now before the court. " ' All the rest, residue and remainder of my estate * * * I hereby give, will, bequeath and devise unto my beloved wife, Katherine Sherman Mitchell, absolutely as her own forever. It being my desire and intention that if there be any issues (*sic*) surviving me she will amply care and provide for them out of such residuary estate.' "

The will was executed approximately five months before the birth of a posthumous child. The child was held to have been sufficiently mentioned in the will to comply with the provisions of the statute and, therefore, not entitled to any interest in the estate.

Upon both principle and authority, the court finds that Herbert James Callister, the posthumous child of the testator, born approximately one month after the execution of the will, was, by the language above quoted, mentioned within the meaning of section 26 of the Decedent Estate Law, and, consequently, not entitled to take any share of the decedent's estate.

The language employed by the respective testators in *Crocker* v. *Mulligan* (154 App. Div. 711) and *Stachelberg* v. *Stachelberg* (124 id. 232) render these decisions readily distinguishable herefrom.

Settle decree on notice.