In the Matter of the Estate of CLARA LAND, Deceased.

Surrogate's Court, Kings County, October 16, 1936.

*Abraham Rockmore,* special guardian, on behalf of Arthur Land.

*D. & J. Freiberger,* for the petitioner Louis J. Land, executor.

WINGATE, S. At the time of the execution of her will (July 10, 1923) testatrix had four living children. Subsequently and on February 18, 1926, another child was born. All five of these children survived the testatrix.

It is urged on behalf of the child born after the making of the will that, pursuant to section 26 of the Decedent Estate Law, he is

entitled to succeed to the same portion of his deceased parent's estate as would have descended or been distributed to him if such parent had died intestate.

The presently pertinent testamentary provisions are the following:

"*First.* I devise and bequeath all the estate and effects whatsoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, unto my husband, Louis J. Land, absolutely and forever:

"*Second.* In the event that my said beloved husband, Louis J. Land, shall have predeceased me or that we shall both die by the same accident, then and in that event, I hereby give, devise and bequeath my entire estate and effects whatsoever both real and personal to which I may be entitled, or which I may have power to dispose of at my decease, unto my children who shall survive me, equally, share and share alike, to have and to hold the same unto them, their legal representatives and assigns, absolutely and forever."

Section 26 of the Decedent Estate Law reads:

" § 26. Child born after making of will. Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

" The fundamental object of the statute which has been quoted is to guard and provide against such testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children and taking such possibility into account in framing a scheme for the testamentary disposition of his property." (*McLean* v. *McLean*, 207 N. Y. 365, 371.) However, " it is not sufficient that the will should show that the testator had in mind the possibility of children born after the making of the will. The child will take unless it is mentioned in some way or included in some class that is mentioned." (*Stachelberg* v. *Stachelberg*, 124 App. Div. 232, 234; affd. on opinion below, 192 N. Y. 576.)

" It is, of course, apparent that the opportunity for individual and specific ' mention ' of children to be born in the future is limited

and it must be regarded as settled that mention of such children as a class and in terms broad enough to include a specific child is in this respect a sufficient compliance with the statute, and further that this mention may be made in the form of a provision for them. (*Wormser* v. *Croce*, 120 App. Div. 287; *Stachelberg* v. *Stachelberg*, 124 App. Div. 232; affd., 192 N. Y. 576; *Tavshanjian* v. *Abbott*, 200 N. Y. 374.)" (*McLean* v. *McLean, supra,* at p. 372.)

The precise question here is whether there has been sufficient " mention " in this case. The court determines the question in the affirmative.

In *Holbrook* v. *Holbrook* (193 App. Div. 286; affd., 230 N. Y. 600) the testator gave his residuary estate to his wife " absolutely and forever, but if she should die before me and I should leave lawful issue then I give, devise and bequeath all my said residuary estate to my said issue *per stirpes* and not *per capita.*"

This phraseology is substantially identical with that here employed. The court said that such language evidenced the fact that the testator " had in mind the case of children born after the making of the will," that such a child was sufficiently " mentioned " thereby within the intent of the statute, and that consequently section 26 of the Decedent Estate Law could not successfully be invoked on behalf of a daughter born subsequently to the act of testamentary execution. Satisfactory " mention " was found under similar expression in *Matter of Dick* (117 Misc. 635) and in *Matter of Abell* (154 id. 250).

There is one factual distinction, however, between those three cases and the present one. In each of them the testator at the time of the execution of his will had no children. Here, he had four. While this circumstance is incidentally referred to in *Holbrook* v. *Holbrook* (*supra*), it is nowhere treated by the court as *ratio decedendi*, nor in view of the language employed by the testator in that case as well as in the case at bar, can such circumstances logically possess materiality. The reasoning of the court itself in *Holbrook* v. *Holbrook* (*supra*) negatives the possibility of any such consideration.

" It would multiply words for those drawing wills to require at this day a further term to enlarge the expression ' lawful issue.' To write in a clause ' *whether after-born or not* ' hath hitherto seemed needless, and without necessity we should not tend to incumber the verbiage of such instruments." (*Holbrook* v. *Holbrook*, 193 App. Div. 286, at p. 289; no italics in original.) Such language applies far more forcibly and logically, if not exclusively, to a situation where at the time of testamentary execution, there are children of the testator *in esse* than to one where at such moment the testator was childless. *Matter of Dick* (*supra*) expressly relies

upon the authority of *Holbrook* v. *Holbrook* (*supra*). *Matter of Abell* (*supra*) makes no reference to this circumstance.

In *Matter of Mitchell* (144 Misc. 262) Surrogate FOLEY held that the phrase " any issues surviving me " constituted " mention " of after-born children satisfactory to the statute. In that case at the time of the execution of the will the testator had a living daughter by an earlier marriage. In *Matter of Dooling* (158 Misc, 333) there were living children at the time of the execution of the will. The result achieved was similar to that of *Matter of Mitchell*, though the language of " mention " of after-born children was not as clearly disclosed. Further authority for the conclusion of the court in the case at bar may be found in *McLean* v. *McLean* (*supra*) and *Wormser* v. *Croce* (120 App. Div. 287). *Stachelberg* v. *Stachelberg* (124 id. 232; affd., 192 N. Y. 576) is not, as urged by the special guardian, precedent to the contrary. Any mention therein contained was restricted to those children of the testator who should be born during his lifetime. " In case of the death of my said wife before me, leaving lawful issue her surviving," obviously did not include a child born after the death of its father. This decision is not in disagreement with consistent interpretation. *Tavshanjian* v. *Abbott* (200 N. Y. 374) and *Crocker* v. *Mulligan* (154 App. Div. 711) are also interpretive of particular phraseology and not in conflict with the present result.

Proceed accordingly.