J. Kenneth Servé, S.
This is a proceeding' instituted for the construction of the last will and testament of F. Scott Clark, which, was admitted to probate in this court on September 23, 1959. The will was executed by the testator on May 22, 1947 and he died on September 1, 1959 without making any changes thereto.
The testator was survived by his wife, Alice C. Clark, the executrix and petitioner herein; Janice Anne Clark, his adopted daughter, and Johannah Clark, his mother. At the time that the testator executed his will he did not have any children, but on May 19, 1951, by an order entered in this court, the testator and his wife, Alice C. Clark, adopted Janice Anne Clark, who was born July 29, 1948.
By the terms of paragraph designated “second” of the testator’s will, he devised and bequeathed to his mother the life use of certain real property together with the right to sell the same under certain conditions. The balance of his estate including the afore-mentioned real property he devised and bequeathed to his wife provided that she did not predecease him or that she did not die as the immediate and direct result of the same accident that caused the death of the testator.
In view of the fact that the testator adopted Janice Anne Clark subsequent to the execution of his last will, the petitioner has now requested this court to construe the will of the testator to determine whether or not Janice Anne Clark as such adopted daughter is entitled to a distributive share of the testator’s estate under the provisions of section 26 of the Decedent Estate Law. This section of the Decedent Estate Law reads as follows: ‘‘ Whenever a testator shall have a child born after the making of a last will * * * and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent’s real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate ”.
The first question to be determined is whether or not an adopted child has the same standing as a natural born child within the meaning of section 26 of the Decedent Estate Law. This question has been considered several times by the higher *186 courts and the principle is now well established that under this section an after-adopted child is in the same category as an after-born child, and it will have the same rights under section 26 as an after-born child. (Bourne v. Dorney, 184 App. Div. 476, affd. 227 N. Y. 641; Matter of Guilmartin, 156 Misc. 699, affd. 250 App. Div. 762, affd. 277 N. Y. 689.) Section 26 applies to Janice Anne Clark with the same force and effect as if she were the natural born child of the testator.
The next question to be determined is whether or not Janice Anne Clark was mentioned in the will, provided for therein, or provided for by any settlement outside the will so as to prevent the operation of the statute in her favor. There is no evidence that the testator made any settlement for her outside the will. The testator by paragraph designated “ fourth ” of his will provided as follows: “And, in the event my said wife shall have predeceased me or shall die as the immediate and direct result of the same accident as may cause my death, then and in those events and in either of those events, I give, devise and bequeath, the said rest, residue and remainder of my estate unto any child or children born to my said wife and myself and us surviving; and, if there be no such child or children my wife and me surviving, I give, devise and bequeath the said rest, residue and remainder of my estate to ”, Again in paragraph designated “ fifth ” the testator refers to a child or children when he made the following provision: “ and in the further event my said wife, Alice C. Clark and my said mother, Johannah Clark have both predeceased me and/or shall die as the immediate and direct result of the same accident as may cause my death, and in the further event I leave no child or children born of our marriage surviving me and my said wife, I give, devise and bequeath all the rest, residue and remainder of my estate ”.
The only times that the testator referred to a child or children in his will were in the above-quoted paragraphs and consequently such language must be closely examined to determine whether Janice Anne Clark was mentioned or provided for therein. In analyzing the above-quoted language in the will of the testator the fact that the testator did not have any children at the time that he made his will looms in importance in determining the intent of the testator. Was the testator by the use of such language taking into consideration the possibility of an after-born child? The posing of the question gives the answer because if the testator was not considering an after-born child or children when he made his will, then such language would be meaningless; however, it is not sufficient in itself that the will discloses that the testator had in mind the possibility *187 of children born after the making of the will. In addition to the awareness of an after-born child, the testator must either mention such child in some manner in his will or include such child in some class that is mentioned in his will otherwise such after-born child shall take his distributive share (Stachelberg v. Stachelberg, 124 App. Div. 232, affd. 192 N. Y. 576). Mention in a will may be made through a very general designation and the provision for such after-born child is sufficient if it is vested or contingent.
The court in the case of McLean v. McLean (207 N. Y. 365, 371) commented upon section 26 of the Decedent Estate Law in the following language: “ The fundamental object of [Section 26 of the Decedent Estate Law] * * * is to guard and provide against such testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children and taking such possibility into account in framing a scheme for the testamentary disposition of his property. ’ ’
• It appears that the testator in his will was attempting to provide for the contingency that he might be survived by an after-born child or children and consequently it cannot be said that he at the time of the execution of his will demonstrated ‘ ‘ testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children ’ ’ (McLean v. McLean, supra). The language of the testator clearly shows that Janice Anne Clark is included within the designation of child or children as used in the testator’s will. Among other things the testator has provided in his will for two contingencies concerning the death of his wife. First, he provided that in the event his wife predeceased him, then his residuary estate should go to any child or children born to himself and his wife and surviving them. It is obvious from such language that if the wife of the testator had predeceased him and Janice Anne Clark survived the testator, she would have been entitled to the residuary estate. In the event of the occurrence of the other contingency, that the deaths of the testator and his wife were the immediate and direct results of the same accident, then Janice Anne Clark, if she survived both the testator and his wife, would be entitled to the residuary estate. It is clear from the provisions that the testator made in his mil that Janice Anne Clark, as such after-adopted child was mentioned and provided for as required by section 26 of the Decedent Estate Law.
The fact that the testator required Janice Anne Clark to survive both his wife and himself before she could receive *188 benefits under Ms will does not in itself cause section 26 to operate in her favor. Such requirement of survival would prevent any distributee of Janice Anne Clark taking her testamentary benefits in the event she predeceased the testator. There is nothing in section 26 which compels, regulates or controls testamentary provisions even by a parent for a child provided that in the disposition of his property the testator looked into the future and foresaw and took into account the possibility of after-born children (McLean v. McLean, sufra; 7 Warren’s Heaton, Surrogates’ Courts, p. 588).
Janice Anne Clark as such after-adopted child was mentioned and provided for in the will of the testator as required by the statute and she is not entitled to any share or interest in his estate. Settle decree accordingly.