John D. Bennett, S.
The propounded instrument will be admitted to probate, it having been established that it was executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of its execution the decedent was of sound mind and free from restraint.
The special guardian contends that one of his wards, an infant born after the decedent’s death, is entitled to the benefits conferred by section 26 of the Decedent Estate Law. Paragraph Second of the will leaves the residuary estate to the widow “ to the exclusion of any children I may have ”.
The special guardian agrees that if the decedent had stopped there, there would be no question that the after-born child would not be entitled to benefits under section 26. However, he claims that by the testator’s naming his children individually in the Third paragraph, as beneficiaries of his estate in the event of *1053 his wife’s prior death, the general designation of children in the Second paragraph must be restricted to those specific individuals named in the Third paragraph.
The court, however, is of the opinion that the general term “ children ” used in paragraph Second is not limited by naming the testator’s children then in being in a subsequent paragraph.
The case of Crocker v. Mulligan (154 App. Div. 711, 712, 713) is distinguishable in that the court there held that the phrase ‘ ‘ I have not mentioned any of our children ’ ’ could not be deemed to be equivalent to “I have not mentioned any one of our children unpossessed in praesenti and procreable in futuro ”. Here the phrase used 11 to the exclusion of any children I may have ” (italics supplied) includes within it a definite connotation of possible future children (see, also, Matter of Callister, 147 Misc. 257).
Accordingly, the decree shall provide that the after-born child is not entitled to the benefits conferred by section 26 of the Decedent Estate Law.